95 So.2d 594 (1957)
Leonard Perry RUSS, Appellant,
v.
The STATE of Florida, Appellee.
Supreme Court of Florida, En Banc.
June 7, 1957.
*597 Raymond E. Ford, Fort Pierce, and Otis Whitehurst, Okeechobee, for appellant.
Richard W. Ervin, Atty. Gen., and Jos. P. Manners, Asst. Atty. Gen., for appellee.
O'CONNELL, Justice.
Leonard Perry Russ was tried by jury upon an indictment for murder in the first degree and was found guilty as charged. No recommendation of mercy was made. His motion for new trial was denied.
On appeal to this Court the judgment and sentence of death by electrocution was affirmed by opinion of this Court rendered January 16, 1957, 92 So.2d 811. Rehearing was denied on March 13, 1957.
Russ now presents to us a petition for permission to apply to the trial court for writ of error coram nobis. This is the proper procedure after an appellate court has affirmed a conviction sought to be disturbed. Chambers v. State, 1934, 117 Fla. 642, 158 So. 153, and cases therein cited.
The purpose of the writ of error coram nobis is to enable a party against whom a judgment has been rendered to gain relief from the judgment by applying to the same court in which the judgment was entered. It is brought to show an error of fact, defect in process, default in performance of duty by ministerial officers, and other matters none of which are apparent from the record. The showing must be such that if the matters shown had been before the trial court when judgment was entered, the court would have been precluded from entering the judgment. The party seeking the writ must have no other remedy.
Upon presentation to this Court of a petition for leave to apply for a writ of error coram nobis it becomes our duty to determine the legal effect of the facts and matters alleged therein. If we find them to be sufficient in legal effect, if established, we then grant permission to the petitioner to apply to the trial court for the writ. The trial court should then determine the truth of the allegations in the same manner as other issues of fact are determined. Chambers v. State, supra.
The effect of our granting the petition is equivalent to an order or mandate that the trial court allow the writ, that it determine the truth of the facts alleged in the petition and that if they be established as being true then the judgment should be set aside and new proceedings be had.
In the petition now before us counsel for Russ alleges the following facts:
"* * * at the conclusion of the trial on the 19th day of July, 1955, said jury retired to the jury room for consideration of its verdict. After some discussion, a ballot was taken with the result that said jury voted eight to four for a finding of guilty of murder in the first degree with a recommendation of mercy. Whereupon, a member of the jury, who had voted with said minority, stated openly to the whole jury that he could never accept such a verdict because he had personal knowledge that Appellant had severely beaten the deceased victim *598 on numerous occasions, that Appellant had threatened to kill the deceased victim on numerous occasions, that the deceased victim's father had shot the arm of Appellant off from his body with a shotgun because Appellant had beaten the deceased victim unmercifully on the day preceding the Shooting; and that, while he knew that these matters of fact had not been heard in evidence on the trial, he personally knew them to be true. Said juror proceeded to describe such alleged beatings, threats and acts of the Appellant upon and against the deceased victim, in great detail. Other jurors questioned said juror at great length upon such matters outside the evidence produced in the trial. Upon a second ballot, following said statements, questions and answers the jury returned its verdict of guilty of murder in the first degree without a recommendation of mercy which resulted in said judgment and sentence."
To the petition there is attached an affidavit of one of Russ' counsel. He sets forth therein that during the month of January 1957, after judgment and sentence were entered and while his appeal was pending before us, he learned from the wife of one of the jurors serving in the trial of Russ that the jury had received prejudicial evidence out of court, other than through a view of premises, such having come about through the misconduct of a juror as set forth in that portion of the petition, above quoted. The affidavit further states that affiant contacted three of the jurors, who are named therein, and that each of said jurors verified each fact alleged in the petition and stated that they would, if called before the trial court, so testify under oath, but that they would not make affidavits because they feared punishment for violation of their oaths as jurors.
Russ contends that the matters of fact alleged in the petition and affidavit would have prevented entry of judgment and sentence by the trial court, if they had been before that court. He argues that his rights were prejudiced in that:
(1) One of the jurors was guilty of misconduct and had concealed his bias and prejudice against Russ on voir dire examination, and
(2) the jury had received strongly prejudicial evidence out of court, other than a view of premises.
He then concludes that both of the above reasons are grounds for new trial under Sec. 920.05, F.S.A.
An application for writ of error coram nobis is usually and should be made on sworn petition. It may be accompanied by affidavit in support thereof. It must set out the facts, not conclusions, which would vitiate the verdict and should show the evidence upon which the required facts can be proved and the source thereof. The burden is on one seeking to set aside a judgment of conviction to show and prove the facts relied upon by strong and convincing proof. 24 C.J.S. Criminal Law § 1606 c (6) and (8).
The rule generally is that affidavits and motions for new trial on the ground of jury misconduct should be based on positive knowledge either of the movant, or of the affiant whose affidavit is attached to the motion. However, it is obvious that there are situations where because of the secrecy afforded jury deliberations the moving party will have no personal knowledge of the misconduct and where he will for varied reasons be unable to obtain the affidavit of a juror as to such misconduct. At least two states have recognized that under such circumstances an affidavit in support of a motion for new trial made by one other than a juror on information and belief is sufficient, not as evidence, but for the purpose of activating inquiry by the court to determine the existence of such alleged misconduct.
*599 In the case of State v. Page, 1908, 212 Mo. 224, 110 S.W. 1057, at page 1061, the court in considering a motion for new trial on the ground of jury misconduct, which motion was supported only by the affidavit of the defendant, said:
"* * * We have no hesitancy in saying that, in order to warrant such course, [granting of motion for new trial] the affidavit should be full and explicit, indicating fully as to whether or not he was an eyewitness  that is, witnessed personally the misconduct  or, if not, as to the persons from whom he obtained the information, and further indicating at least some sort of a reason why he is unable to secure the affidavit of any other witnesses aside from himself to support his motion for a new trial."
This rule was followed by the Missouri court in the more recent case of State v. Blair, Mo. App. 1955, 280 S.W.2d 687.
In the case of Means v. State, 1925, 100 Tex.Cr.R. 1, 271 S.W. 613, the court in considering a motion for new trial on the ground of jury misconduct, which motion was supported only by the affidavit of the defendant, held that such affidavit was sufficient to cause the court to determine the truth of the matters set forth in the affidavit by calling the jurors to give oral testimony, although the defendant's affidavit was alleged to be based on information and belief, not on actual knowledge. Subsequent opinions of the Texas court have recognized that the factual situation in the Means case made it an exception to the rule that affidavits of the jurors themselves must accompany a motion for new trial. However, Texas now follows the same rule as announced by the Missouri court in State v. Page, supra. Vyvial v. State, 1928, 111 Tex.Cr.R. 111, 10 S.W.2d 83; Vowell v. State, 1951, 156 Tex. Cr.R. 493, 244 S.W.2d 214; and Moore v. State, 1955, 160 Tex.Cr.R. 642, 275 S.W.2d 673.
In a proceeding such as now before us, we are called upon only to determine whether the facts alleged in the motion and supported by the affidavit are sufficient, if proved to be true, to warrant a new trial. The truth of the allegations is to be determined by the trial court in the same manner that other issues of fact are tried and determined. The affidavit is not evidence and neither this Court nor the trial court are allowed to treat it as such.
The affidavit before us is sufficiently full and explicit, it states the misconduct complained of, it gives plausible reason why an affidavit of one with personal knowledge of the misconduct is not offered, it names the jurors who constitute the source and basis of the affiant's information and belief, and alleges that said jurors will testify to such facts before the trial court.
We have considered also that the affidavit before us is made by defendant's attorney. This attorney is first and foremost an officer of this Court and the trial court. His sworn duty as an attorney requires that he be as much dedicated to finding the truth as are the courts he serves. Above all else he owes to the courts the duty of good faith and honorable dealing. We must assume that the attorney for defendant made the affidavit in question in full view of his position as an officer of the court and his obligation not only to his client but to the court as well. If the trial court finds that the affidavit filed by the attorney was filed in bad faith, for the purpose of delay, or that he swore falsely the trial court can and should discipline him. The court does not have this control over the laymen who make such an affidavit. This factor does not support our holding that the affidavit in question is sufficient but it adds strength to it.
For the reasons above expressed we hold the affidavit and the petition to be in acceptable form.
*600 We must now determine if the facts set forth therein are sufficient to warrant the granting of permission to apply to the trial court for the writ and annulment of the judgment and sentence if found to be true.
It is a long established and generally accepted doctrine that testimony or affidavits of jurors impeaching a verdict rendered by them will not be received and considered where the facts shown therein are such as inhere in the verdict. Langford v. King Lumber & Mfg. Co., 1936, 123 Fla. 855, 167 So. 817; City of Miami v. Bopp, 1934, 117 Fla. 532, 158 So. 89, 97 A.L.R. 1035; Linsley v. State, 1924, 88 Fla. 135, 101 So. 273.
In the recent case of Marks v. State Road Dept., Fla. 1954, 69 So.2d 771, this Court held that affidavits of jurors may be received for the purpose of avoiding a verdict by showing any matters occurring during the trial or in the jury room which matters do not essentially inhere in the verdict itself. This Court on page 774, quoted what it considered to be the true rule, as expressed in Wright v. Illinois & Miss. Telegraph Co., 1866, 20 Iowa 195:
"`That affidavits of jurors may be received for the purpose of avoiding a verdict, to show any matter occurring during the trial or in the jury room, which does not essentially inhere in the verdict itself, as that a juror was improperly approached by a party, his agent, or attorney; that witnesses or others conversed as to the facts or merits of the cause, out of court and in the presence of jurors; that the verdict was determined by aggregation and average or by lot, game or chance or other artifice or improper manner; but that such affidavit to avoid the verdict may not be received to show any matter which does essentially inhere in the verdict itself, as that the juror did not assent to the verdict; that he misunderstood the instructions of the court; the statements of the witnesses or the pleadings in the case; that he was unduly influenced by the statements or otherwise of his fellow-jurors, or mistaken in his calculations or judgment, or other matter resting alone in the juror's breast.'"
If affidavits of jurors may be received to show matters which do not essentially inhere in the verdict, certainly their testimony before the trial court would be properly received as proof of such matters in a proceeding such as must follow if permission to apply to the trial court for writ of error coram nobis is granted.
It is improper for jurors to receive any information or evidence concerning the case before them, except in open court and in the manner prescribed by law. 23 C.J.S. Criminal Law § 1362, p. 1022.
Arguments of jurors should not be based on assertion of facts not in the evidence before them. Evidence to prove guilt may not be supplied by what a juror knows or believes independent of the evidence properly received in the course of the trial. The jury should confine their consideration to the facts in evidence as weighed and interpreted in the light of common knowledge. They must not act on the special and independent knowledge of any of their members.
Where a juror on deliberation relates to the other jurors material facts claimed to be within his personal knowledge, but which are not adduced in evidence, and which statements are received by the other members of the jury and considered in reaching their verdict it is misconduct which may vitiate the verdict, if resulting prejudice is shown. 23 C.J.S. Criminal Law § 1373.
If the statements by the juror are such that they would probably influence the jury, and the evidence in the cause is conflicting, the onus is not on the accused to show he was prejudiced for the law *601 presumes he was. But it should be clearly understood that not all statements by a juror concerning evidence not properly before the jury will vitiate a verdict, even though such conduct may be improper. It is necessary either to show that prejudice resulted or that the statements were of such character as to raise a presumption of prejudice. 23 C.J.S. Criminal Law § 1449 j (1), pp. 1197-1198. See footnote 28, pp. 1197-1198 for examples of improper statements of jurors.
This Court has on several occasions stated the rule that when it is shown that the jury is influenced by considerations outside the evidence the trial court may set aside its verdict and grant a new trial. Seaver v. Stratton, 1938, 133 Fla. 183, 183 So. 335; Hart v. Held, 1942, 149 Fla. 33, 5 So.2d 878; Martin v. Stone, Fla. 1951, 51 So.2d 33.
The facts alleged in the affidavit, if established as true, are of such character as to raise the presumption of prejudice. They show that the jury in its deliberation considered statements of fact not properly before it. These statements would possibly substantiate defendant's intent. They are likely to have prejudiced the jury against Russ.
According to the rule adopted in Marks v. State Road Dept., supra, the matters raised in the petition and affidavit are not such as essentially inhere in the verdict. They may properly be proved by testimony of the jurors, themselves, in a proceeding on the writ of error coram nobis before the trial court.
A new trial at this stage of the proceedings cannot be granted by the trial court. As the record stands this Court, in appellate proceedings, cannot give relief to the petitioner. His only remedy is error coram nobis.
We therefore hold that, if found to be true in appropriate proceedings, the allegations of the petition are sufficient to vitiate the verdict, judgment and sentence and entitle Russ to a new trial, and that he should have the opportunity to prove the allegations of his petition, if he can do so.
Accordingly the petition for permission to apply to the trial court for writ of error coram nobis is granted and this cause is remanded to the trial court with directions that further proceedings consistent with this opinion be had.
TERRELL, C.J., and HOBSON, ROBERTS, DREW and THORNAL, JJ., concur.
THOMAS, J., dissents.