O’CONNELL, Justice.
This is the third and final chapter in the history of this case in this Court.
In Russ v. State, Fla.1957, 92 So.2d 811, this Court affirmed the judgment of guilty and sentence of death for murder in the first degree. Thereafter, Mr. Russ petitioned this Court for permission to apply to the trial court for writ of error coram nobis and we granted the request in the opinion reported in Russ v. State, Fla.1957, 95 So.2d 594. Pursuant to our mandate in the last cited case Mr. Russ filed his petition for the writ. The petition was granted and a trial by jury had on the-questions properly presented therein. The jury found for the State and against Mr, Russ, motion for new trial was denied, and judgment was entered affirming the judgment of guilty and sentence of death previously entered. Mr. Russ now appeals from the judgment entered on trial of the issues presented in the writ of error coram nobis.
We have carefully considered each of the questions raised by Mr. Russ in light of the entire record presented to us.
We find no harmful error in the proceedings. We further find that based upon the evidence submitted to them the jury was justified in determining that Mr. Russ had failed to prove the issues presented in the writ of error coram nobis. The judgment under attack must therefore be affirmed.
Because on trial of the issues presented in the writ there was such a complete failure of proof of the matters contained in the petition and affidavit executed by one of the attorneys for Mr. Russ, upon which petition and affidavit we granted permission to ■apply to the trial court for the writ of error coram nobis, we again call to the attention of the trial court the statement which we made in the opinion reported in 95 So.2d at page 599 regarding the disciplining of said attorney.
We do not here decide that the petition and affidavit were not based upon fact, or were made in bad faith, but the complete failure of proof at the trial of the statements contained therein tend strongly to support such a conclusion. The attorney executing and filing same may have a proper explanation for the matter. If so, it should be made. If not, he should be disciplined.
Therefore, we do hereby direct that the trial court in appropriate proceedings de *12 termine whether the petition and affidavit made and filed by one of Mr. Russ’ attorneys in that cause reported in Fla., 95 So.2d 594 (who incidentally was not Mr. Raymond Ford, his present appellate counsel) were filed in bad faith or for the purpose of delay, or whether the attorney swore falsely, and that the trial court then terminate that matter by entry of a proper order, a copy of which shall be forwarded to this Court.
Accordingly, the judgment appealed from is affirmed.
TERRELL, C. J., and ROBERTS, DREW and THORNAL, JJ., concur.