PER CURIAM.
Brown and Troy request leave to file petitions for writ of error coram nobis with the trial court. Both were convicted of first-degree murder and both sentenced to death. Both have appealed, but at the time these requests were filed the merits of their appeals had not been presented to this Court, and we have not ruled upon them. We have stayed the appellate proceedings pending action on the instant requests.
Coram nobis means "In our presence; before us.” The office of “writ of coram nobis” is to bring the attention of a court to, and obtain relief from, errors of fact (such as a valid defense existing in facts of case) which, if known, would have prevented entry of the judgment questioned. The essence of coram nobis is that it is addressed to the very court which renders the judgment in which the injustice is alleged to have been done, in contrast to appeals or review directed to another court; the words “coram nobis,” meaning “our court,” as compared to the common-law writ of “coram vobis,” meaning “your court,” clearly point this up. Black’s Law Dictionary 304-05 (5th ed. 1979).
In Russ v. State, 95 So.2d 594 (Fla.1957), a petition for permission to apply to the trial court for writ of error coram nobis had been filed in this Court. We found this to be “the proper procedure after an appellate court has affirmed a conviction sought to be disturbed.” Id. at 597 citing Chambers v. State, 117 Fla. 642, 158 So. 153 (1934) (emphasis supplied). This rule is inapplicable in the instant situation, however, because the judgment of conviction has not as yet become the judgment of this Court. Permission to file a coram nobis petition from this Court, therefore, is not needed. However, to avoid any question of whether the trial court has jurisdiction to entertain such a petition because an appeal is pending, we temporarily relinquish any jurisdiction obtained because of the filing *414 of the appeal to allow these petitions to be presented to the trial court.*
Accordingly, we temporarily stay the appellate proceedings and relinquish jurisdiction for the limited purpose of allowing Brown and Troy to file an application for coram nobis relief before the trial court. Upon the completion of these ancillary proceedings the appeal will then go forward if necessary.
It is so ordered.
BOYD, C.J., and OVERTON, MCDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., concurs in result only.

 The effectual difference in granting permission to file a petition, as existed in Russ and Chambers and relinquishing jurisdiction of a pending appeal as we are doing in this case, is that in the former we pass upon the sufficiency of the allegations to grant relief if the factual contentions are proved, while in the latter and instant petition we do not judge the legal sufficiency thereof.