513 So.2d 1113 (1987)
Ted SCONYERS, Appellant,
v.
STATE of Florida, Appellee.
No. 86-822.
District Court of Appeal of Florida, Second District.
October 16, 1987.
*1114 James Marion Moorman, Public Defender, and W.H. Pasch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, EDWARD F. (Retired), Judge.
In this appeal from a judgment of conviction for manslaughter, appellant raises four points, only one of which has merit. For the reasons stated below, we affirm the judgment of conviction, but reverse the trial court's denial of appellant's post-judgment motion to interview jurors, and remand for further proceedings consistent with this opinion.
Appellant was charged with the first-degree murder of his brother. At trial, appellant relied on the defense of self-defense. The jury found him guilty of manslaughter. After the jury was discharged, appellant filed an unsworn motion to interview jurors, contending that a juror had subsequently approached appellant's counsel and advised him that eleven of the jurors felt appellant was not guilty. The motion further alleged:
This juror further stated that the 12th juror felt the Defendant was guilty of first degree murder because "anyone who kills anyone else is a murderer[."] The other jurors reminded this juror that his attitude was contrary to the law and the jury instructions as provided by the Court, and further advised him that the attitudes he expressed regarding one's right to self-defense were totally contrary to the opinions he had expressed during voir dire regarding the legal use of firearms and the right to self-defense. *1115 After several hours of discussing these matters, the lone juror simply instructed the other 11 jurors to stop talking to him because [sic] he didn't intend to change his mind.
Appellant conceded in his motion that a compromise verdict was not subject to attack. Instead, appellant argued that if the allegation that the "lone juror" was untruthful on voir dire was correct, then that juror would be guilty of misconduct sufficient to warrant a new trial. We agree, and hold that the trial court erred in denying appellant's motion to interview jurors.
Generally, a verdict is not subject to attack if based upon matters which "inhere in the verdict." Matters which "inhere in the verdict" have been defined as "those which arise during the deliberation process." State v. Blasi, 411 So.2d 1320 (Fla 2d DCA 1981). In Russ v. State, 95 So.2d 594 (Fla. 1957), the supreme court, quoting Wright v. Illinois & Mississippi Telegraph Co., 20 Iowa 195 (1866), elaborated on such matters that "inhere in the verdict":
That affidavits of jurors may be received for the purpose of avoiding a verdict, to show any matter occurring during the trial or in the jury room, which does not essentially inhere in the verdict itself, as that a juror was improperly approached by a party, his agent, or attorney; that witnesses or others conversed as to the facts or merits of the cause, out of court and in the presence of jurors; that the verdict was determined by aggregation and average or by lot, game or chance or other artifice or improper manner; but that such affidavit to avoid the verdict may not be received to show any matter which does essentially inhere in the verdict itself, as that the juror did not assent to the verdict; that he misunderstood the instructions of the court; the statements of the witnesses or the pleadings in the case; that he was unduly influenced by the statements or otherwise of his fellow-jurors, or mistaken in his calculations or judgment, or other matter resting alone in the juror's breast.
Russ, 95 So.2d at 600. In Russ the supreme court granted a petition for permission to apply to the trial court for a writ of error coram nobis where the sworn affidavits in support of the petition alleged that a juror influenced the rest of the jury with material facts claimed to be within his personal knowledge. Id.
While Florida Rule of Criminal Procedure 3.450 provides that no motion to poll the jury shall be entertained after the jury is discharged or the verdict recorded, we do not construe that rule to prevent a motion to interview a juror or jurors after discharge where the motion alleges juror misconduct and the trial court determines that a prima facie showing of juror misconduct has been made. Florida Rule of Criminal Procedure 3.600(b)(4) specifically provides that juror misconduct is a basis for a new trial, if the substantial rights of the defendant were prejudiced thereby. See also Russ (juror guilty of misconduct where he related to other jurors during deliberation material facts claimed to be within his personal knowledge, but which facts were not in evidence and upon facts which jury relied in reaching verdict).
It is clear from the record that appellant's motion to interview the jury was a predicate for a motion for new trial. The alleged misconduct was that one of the jurors had not answered truthfully on voir dire the questions regarding the right to arm one's self and the right to use self-defense. It has been held that juror misconduct sufficient to support a motion for new trial occurs when a juror responds untruthfully, even if unintentionally, to questions propounded on voir dire. See White v. State, 176 So. 842 (Fla. 1937) (motion for new trial should have been granted where juror on voir dire responded to defense counsel's question that he had never been represented by either of the state's attorneys, but in fact, had been represented by one of the state's attorneys and during a trial recess, had discussed that representation with the state attorney); Mitchell v. State, 458 So.2d 819 (Fla. 1st DCA 1984) (new trial should have been granted where juror on voir dire responded negatively to *1116 material question as to whether she had any family, relatives or friends who worked at correctional institution, even though untruthful response was not intentional, and where defendant had peremptory challenges remaining which counsel would have exercised had the question been answered truthfully). Cf. State v. Tresvant, 359 So.2d 524 (Fla. 3d DCA 1978) (motion for new trial should not have been granted where trial court committed harmless error, if any, in excusing for cause juror who had responded untruthfully on voir dire to question as to number of times she had been arrested, and where juror was replaced during trial with alternate juror and defendant did not show prejudice by procedure).
As the court in Mitchell stated:
The examination of a juror on voir dire has a dual purpose, namely, to ascertain whether a legal cause for challenge exists and also to determine whether prudence and good judgment suggest the exercise of a peremptory challenge. The right of peremptory challenge implies the right to make an intelligent judgment as to whether a juror should be excused. Counsel have the right to truthful information in making that judgment. [Citations omitted.]
... [R]elief will be afforded where (1) the question propounded is straightforward and not reasonable [sic] susceptible to misinterpretation; (2) the juror gives an untruthful answer; (3) the inquiry concerns material and relevant matter to which counsel may reasonably be expected to give substantial weight in the exercise of his peremptory challenges; (4) there were peremptory challenges remaining which counsel would have exercised at the time the question was asked; and (5) counsel represents that he would have peremptorily excused the juror had the juror truthfully responded. [Footnote omitted.]
Failure to enforce the right to elicit from prospective jurors truthful answers to material questions renders hollow the right of peremptory challenge.
458 So.2d at 821.
At the hearing on the motion, defense counsel represented to the trial court that he had questioned each of the prospective jurors regarding his or her beliefs on the right to own a firearm and whether he or she would have a problem with applying the law on self-defense. After reviewing the transcript of the voir dire, it appears that counsel's representation is true. Further, if the allegations in the motion are true, then it appears from the above-cited authorities that appellant would have reasonable grounds for a new trial, if prejudice is shown.
While we can certainly appreciate the trial judge's reluctance to grant the motion on the allegations set out therein, we, nevertheless, are compelled to reverse the denial of appellant's motion to interview the jurors. Appellant should be allowed the opportunity to prove, if indeed he can do so, that he is entitled to the relief for which he prays. We do so, however, in an abundance of caution and awareness of the sanctity of the jury selection and deliberation processes. There are times, as here, when these processes, generally held to be inviolate, must be penetrated in order to secure the integrity of the entire judicial process. As we recognized in Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379 (Fla. 2d DCA 1972), quoting Drury v. Franke, 247 Ky. 758, 57 S.W.2d 969 (1933):
When the right of [peremptory] challenge is lost or impaired, the ... conditions and terms for setting up an authorized jury are not met; ... the right of challenge includes the incidental right that the information elicited on the voir dire examination shall be true; ... a verdict is illegal when a peremptory challenge is not exercised by reason of false information; the question is not whether an improperly established tribunal acted fairly, but it is whether a proper tribunal was established; ... next to securing a fair and impartial trial for parties, it is important that they should feel that they have had such a trial, and anything that tends to impair their belief in this respect must seriously diminish their confidence and that of the public generally in the ability of the state to *1117 provide impartial tribunals for dispensing justice between its subjects... .
Skiles, 267 So.2d at 381-382.
Let there be no mistake, misinterpretation or misconstruction  this opinion is not to be read as opening "Pandora's box" to permit interviews of jurors on matters which inhere in the verdict. The juror misconduct alleged here is not a matter which inheres in a verdict. When a motion to interview a juror or jurors sets forth allegations that the movant has reasonable grounds to believe that the verdict may be subject to legal challenge, such as a reasonable belief that a juror has been guilty of misconduct, then the trial court should conduct such an interview, limiting it as narrowly as possible, to determine if such grounds do exist. Cf. Fla.Bar Rules of Prof.Conduct, Rule 4-3.5(d)(4) (setting forth basis and procedure for interviewing jurors).
Accordingly, we reverse the trial court's denial of appellant's motion to interview jurors. We remand the cause to the trial court to conduct an initial interview of the juror who informed appellant's counsel of the alleged misconduct. If the trial court finds that a further interview of a juror or jurors is warranted, then it should conduct such interview(s), in its discretion, as would be necessary to determine the merits of appellant's allegations. Each interview shall be conducted before the trial judge, under oath, and in the presence of a court reporter, after proper notice is given to the respective parties.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and FRANK, J., concur.