584 So.2d 68 (1991)
Leon ROLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1331.
District Court of Appeal of Florida, First District.
July 19, 1991.
Edward S. Stafman, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Virlindia Doss, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
In this appeal from his conviction for aggravated battery with a firearm, appellant, Leon Roland, raises nine issues, only two of which merit discussion. Specifically, appellant complains that the trial court erred by prohibiting defense counsel from interviewing the jurors after the verdict and by denying appellant's motion for new *69 trial based on alleged juror misconduct. We affirm all issues except that relating to the denial of appellant's motion to interview jurors, which we reverse and remand, and because the propriety of the denial of the motion for new trial is in part dependent on the outcome of the jury interview, we direct the trial court, if it determines that grounds exist for the granting of a new trial based on juror misconduct, to order a new trial.
Following appellant's trial, defense counsel filed a notice of intent to interview the jurors wherein he alleged generally that he had reason to believe that grounds for legal challenge to the verdict existed. Defense counsel also filed an amended motion for new trial, raising the alleged juror misconduct as one of the grounds. In response to the notice, the state filed a motion for protective order, or, in the alternative, a motion to prohibit defense counsel from interviewing the jurors, arguing that appellant had not moved the court to conduct the interviews. Thereafter, appellant filed a motion to interview the jurors, alleging the following grounds:
a) First, as is indicated by the affidavit of Bernice Odom attached hereto, the alternate juror was not candid with the tribunal during voir dire and set out to get on the jury to punish Defendant based upon her personal dislike for him. It is unknown what statements she may have made to other jurors during recesses and the like, but given her attitude and opinions as expressed in the affidavit, there is a strong possibility that she would have made statements to other jurors which would have substantially prejudiced Defendant.
b) On information and belief, Juror Quick was not candid with the tribunal on voir dire. Particularly, it is believed that he and the victim (and/or the victim's family) had a business and personal relationship which was not disclosed. Moreover, juror Quick failed to reveal that his son was involved in an incident similar to the one of which Defendant was convicted. It is unknown to what extent juror Quick influenced the other jurors or that he disclosed his preconceived feelings.
c) On information and belief, still a third juror, Mrs. Mabry, indicated to a third person that something unusual occurred during jury deliberations.
The attached affidavit of Bernice Odom stated that she had overheard Mrs. Pickles, the alternate juror, say to a third person several weeks prior to the trial that she hoped to be on the jury, because she wanted to find appellant guilty because of the way he treated his children.
A telephone conference hearing was held on the motion, at which time appellant argued that he did not need leave of court to interview the jurors, but that in an abundance of caution he had filed one. Although the court opined that judicial approval was probably necessary prior to interviewing the jurors, it did not rule on that basis, because this issue was no longer before the court. Instead, the court concluded that there was insufficient evidence to warrant judicial approval to interview the jurors.
We disagree, and, in so concluding, we observe that although the Florida Rules of Civil Procedure require the filing of such a motion,[1] those rules do not apply in the criminal sector,[2] and no comparable rule of criminal procedure exists. We also observe that Rule of Professional Conduct 4-3.5(d)(4), which is the basis for precluding *70 attorneys from communicating with jurors after the verdict, does not require the filing of motion.[3] Nevertheless, we are not unaware that as a matter of practice, motions for juror interviews have been filed in criminal cases. See, e.g., Shere v. State, 579 So.2d 86, 88 (Fla. 1991); Sconyers v. State, 513 So.2d 1113, 1114 (Fla.2d DCA 1987). Consequently, we certify the following question to the Florida Supreme Court as one of great public importance:
WHETHER AN ATTORNEY INVOLVED IN A CRIMINAL TRIAL, WHO HAS REASON TO BELIEVE THAT GROUNDS EXIST FOR LEGAL CHALLENGE TO THE VERDICT BASED ON JUROR MISCONDUCT, MUST FIRST OBTAIN COURT APPROVAL PRIOR TO INTERVIEWING THE JURORS, OR WHETHER SAID ATTORNEY MAY, IN ACCORDANCE WITH FLORIDA RULE OF PROFESSIONAL CONDUCT 4-3.5(d)(4), SIMPLY FILE A NOTICE OF INTENTION TO INTERVIEW AND PROVIDE COPIES OF SAME TO THE TRIAL JUDGE AND OPPOSING COUNSEL WITHIN A REASONABLE TIME BEFORE CONDUCTING SUCH INTERVIEWS?
Turning next to the trial court's ruling on the motion to interview the jurors, the proper standard of review is abuse of discretion. See Shere, 579 So.2d at 88. When the motion alleges juror misconduct, and the trial court determines that a prima facie showing of juror misconduct has been made, the motion to interview the juror or jurors should be granted. Sconyers, 513 So.2d at 1115 (trial court improperly denied motion to interview jurors based on allegation that one juror had been untruthful during voir dire). Juror misconduct occurs when a juror responds untruthfully, even if unintentionally, to questions asked on voir dire. Id. at 1115.
In the instant case, juror Pickles stated during the voir dire selection of the jurors that she had talked to several people regarding the case prior to trial and that she knew the victim's family. She indicated, however, that she could put aside what she had previously heard and decide the case based solely on what she would hear in the courtroom. Additionally, she stated she would have no problem being fair and impartial during the case. Contrary to those statements, Bernice Odom's sworn affidavit, which was attached to appellant's motion, clearly indicated that juror Pickles had a predisposition to find appellant guilty for matters unrelated to the trial. Based upon the allegations contained in the motion regarding juror Pickles[4] and Odom's affidavit,[5] appellant established a prima facie showing of juror misconduct so as to warrant the granting of the requested interviews. Therefore, the trial court abused its discretion by denying that motion. If it appears on remand following the interview of the jurors that grounds exist for the granting of a new trial based on juror misconduct, the trial court shall grant appellant's motion and proceed accordingly.
*71 REVERSED and REMANDED for further proceedings consistent with this opinion.
NIMMONS and ZEHMER, JJ., concur.
NOTES
[1] See Florida Rule of Civil Procedure 1.431(h), which provides:

If a party believes that grounds for legal challenge to a verdict exist[], he may move for an order permitting an interview of a juror or jurors to determine whether the verdict is subject to the challenge. The motion shall be served within ten days after rendition of the verdict unless good cause is shown for the failure to make the motion within that time. The motion shall state the name and address of each juror to be interviewed and the grounds for challenge that the party believes may exist. After notice and hearing, the trial judge shall enter an order denying the motion or permitting the interview. If the interview is permitted, the court may prescribe the place, manner, conditions, and the scope of the interview.
[2] See Fla.R.Crim.P. 3.010.
[3] Rule 4-3.5(d)(4) provides:

(d) A lawyer shall not:
* * *
(4) After dismissal of the jury in a case with which he or she is connected, initiate communication with or cause another to initiate communication with any juror regarding the trial except to determine whether the verdict may be subject to legal challenge. Provided, a lawyer may not interview jurors for this purpose unless he or she has reason to believe that grounds for such challenge may exist. Provided further, before conducting any such interview the lawyer must file in the cause a notice of intention to interview setting forth the name of the juror or jurors to be interviewed. A copy of the notice must be delivered to the trial judge and opposing counsel a reasonable time before such interview. The provisions of this rule do not prohibit a lawyer from communicating with veniremen or jurors in the course of official proceedings or as authorized by court rule or written order of the court.
[4] The allegations against juror Quick are either contradicted or not supported by the record, and the allegation against juror Mabry relates to a matter that inheres in the verdict and therefore would not be grounds for attacking the verdict. Sconyers, 513 So.2d at 1115 (citing Russ v. State, 95 So.2d 594 (Fla. 1957)).
[5] Sconyers instructs that a motion may be granted solely on the basis of the allegations contained in the motion itself; no other evidence need be submitted.