830 So.2d 131 (2002)
Danny DEFRANCISCO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-5317.
District Court of Appeal of Florida, Second District.
September 11, 2002.
Rehearing Denied November 8, 2002.
*132 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
After a jury convicted Danny Defrancisco of attempting to purchase cocaine, he learned that some jurors had alleged that another engaged in misconduct. He filed a motion for permission to speak to the jurors or, alternatively, for the court to interview them. The court denied his motion, and he challenges that denial on appeal. We reverse.
Judge Charles Brown presided over Defrancisco's trial. Shortly after the trial ended, three of the jurors asked a bailiff if they could speak with the judge. Judge Brown had already left, so Judge Dennis Maloney agreed to talk to the three. Judge Maloney then sent Judge Brown a memorandum explaining what happened:
As I was leaving the courthouse yesterday, I was stopped by Bailiff Ken Goslin and a member of the jury assembly staff and informed that three jurors from the trial you had just concluded were upset and requesting to speak to you. Unfortunately, you had just left the building *133 so I agreed to speak to them on your behalf.
The three jurors were [names omitted]. Essentially, they were displeased with conduct of the foreperson. She was rude, threatening and intolerant of persons who disagreed with her views of the evidence. Apparently, she is or was married to a police officer and had strong opinions about the relative veracity of the police versus the defendant. She believed the police.
Despite this unpleasant experience with the foreperson, all three insisted that it did not influence their verdict. They were concerned that this overbearing person influenced the other two jurors.
Judge Brown reported this encounter to the attorneys involved, whereupon Defrancisco filed his motion for an interview based on two grounds: (1) that the foreperson may have influenced some of the jurors with her strong personality; and, (2) that the foreperson was untruthful during voir dire when she disavowed any suggestion that she considered police officers to be more believable than civilians, whereas during jury deliberations she forcefully advocated that view.
Defrancisco's first claim of misconduct has no merit. Under section 90.602(2)(b), Florida Statutes (1999), no party may inquire into any matter that "inheres in the verdict." Jurors' claims that they were "unduly influenced by the statements or otherwise of [their] fellow jurors" inhere in the verdict and therefore are not subject to inquiry. Devoney v. State, 717 So.2d 501, 502 (Fla.1998) (quoting Marks v. State Road Dep't, 69 So.2d 771, 774-75 (Fla.1954)).
But Defrancisco's second assertion of misconduct could have merit. Prospective jurors must fully and truthfully answer all questions posed on voir dire. If a juror answers a question falsely or conceals a material fact, that misconduct is prejudicial to one of the parties because it impairs his or her right to challenge the juror. Young v. State, 720 So.2d 1101, 1103 (Fla. 1st DCA 1998); see also Lebron v. State, 799 So.2d 997, 1009-10 (Fla.2001), cert. denied, ___ U.S.___, 122 S.Ct. 1794, 152 L.Ed.2d 652, 70 U.S.L.W. 3668 (2002); De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995). If a party can show such misconduct, and that it did not result from the party's own lack of diligence, he or she is entitled to a new trial. Young, 720 So.2d at 1103; see also Lowrey v. State, 705 So.2d 1367 (Fla.1998).
A party seeking to have the trial court interview a juror must present "sworn factual allegations that, if true, would require a trial court to order a new trial." Baptist Hosp. of Miami, Inc. v. Maler, 579 So.2d 97, 100 (Fla.1991); see also Arbelaez v. State, 775 So.2d 909, 920 (Fla.2000) (stating the party must make a prima facie showing of juror misconduct to be entitled to a juror interview). On the other hand, the burden on a party who merely wishes to have his attorney speak to jurors is less demanding. Rule Regulating the Florida Bar 4-3.5(d)(4) states that, after a trial has ended, a lawyer may not communicate with jurors except to determine whether the verdict is subject to a legal challenge. If the lawyer has "reasonable grounds to believe" such a challenge exists, the lawyer "must file in the cause a notice of intention to interview," setting forth the names of the jurors to be interviewed. Id.
In Roland v. State, 584 So.2d 68 (Fla. 1st DCA 1991), the court noted that the criminal rules of procedure, unlike the civil rules, do not specifically require the filing of a motion when an attorney wishes to communicate with a juror after the verdict. Cf. Fla. R. Civ. P. 1.431(h). The Roland *134 court suggested that an attorney for a criminal defendant may file a notice of intention to interview jurors with the court and the opposing party pursuant to rule 4-3.5(d)(4), rather than a motion.[1] Indeed, the Arbelaez court implied this is the correct avenue for a criminal defense attorney to follow if he or she has "reason to believe" the verdict could be legally challenged based on juror misconduct. Arbelaez, 775 So.2d at 920 n. 10.
In this case, Defrancisco's motion was insufficient to compel the court to interview the jurors. As related in Judge Maloney's memorandum, the complaining jurors' assertion that the foreperson "had strong opinions about the relative veracity of the police versus the defendant" and that "she believed the police" could be read as a specific reference to Defrancisco's credibility rather than as a general assertion that the police must be believed over civilians. Thus, the report did not provide the prima facie evidence of misconduct necessary for a court to interview a juror.
But Judge Maloney's memorandum did furnish "reasonable grounds to believe" that the verdict might be subject to legal challenge. R. Regulating Fla. Bar 4-3.5(d)(4). If Defrancisco's counsel simply had filed a notice of his intention to interview the jurors, and if the State had objected, the court should have resolved the objection under the "reason to believe" standard of rule 4-3.5(d)(4). The fact that counsel unnecessarily filed a motion for permission to proceed did not alter the applicable standard. Defrancisco's counsel had "reason to believe" the verdict might be subject to a legal challenge based on juror misconduct.
In the circumstances presented here, defense counsel should be permitted to speak to the jurors further, informally, if they wish to discuss the foreperson's actions. If these conversations lead to additional information that would support a legal challenge to the verdict, counsel could obtain affidavits from the jurors and file them in support of a motion for the court to conduct a formal interview.
Accordingly, we reverse the order denying permission to interview the jurors and remand for further proceedings consistent with this opinion.
STRINGER and COVINGTON, JJ., Concur.
NOTES
[1] The Roland court certified to the Florida Supreme Court that its decision presented the following question of great public importance:

WHETHER AN ATTORNEY INVOLVED IN A CRIMINAL TRIAL, WHO HAS REASON TO BELIEVE THAT GROUNDS EXIST FOR LEGAL CHALLENGE TO THE VERDICT BASED ON JUROR MISCONDUCT, MUST FIRST OBTAIN COURT APPROVAL PRIOR TO INTERVIEWING THE JURORS, OR WHETHER SAID ATTORNEY MAY, IN ACCORDANCE WITH FLORIDA RULE OF PROFESSIONAL CONDUCT 4-3.5(d)(4), SIMPLY FILE A NOTICE OF INTENTION TO INTERVIEW AND PROVIDE COPIES OF SAME TO THE TRIAL JUDGE AND OPPOSING COUNSEL WITHIN A REASONABLE TIME BEFORE CONDUCTING SUCH INTERVIEWS?
Roland v. State, 584 So.2d 68, 70 (Fla. 1st DCA 1991). Apparently the case was never appealed to the Florida Supreme Court, so this question has never been answered directly. However, Arbelaez v. State, 775 So.2d 909, 920 n. 10 (Fla.2000), implies that the procedure outlined in the certified question is the correct one.