853 So.2d 584 (2003)
Gilbert ARAGON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2664.
District Court of Appeal of Florida, Fifth District.
September 5, 2003.
*585 Victoria L. Bloomer of Escobar, Ramirez, & Associates, P.A., Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, C.J.
Gilbert Aragon appeals his convictions and sentences for first-degree felony murder with a firearm, attempted second-degree murder with a firearm and attempted robbery with a firearm. Of the several issues Aragon raises in these proceedings, the two that merit discussion are: 1) whether Aragon is entitled to a new trial *586 because the trial court erred in denying his motions to strike two jurors for cause; and 2) whether the trial court erred in denying Aragon's motion to interview a juror. We affirm on these and all other issues raised by Aragon.
In order to resolve these two issues, it is not necessary to expound upon the events surrounding the criminal episode that led to Aragon's convictions. Because the issues involve procedural matters surrounding the jury selection process and the polling of the jury subsequent to the verdict, we will proceed with our discussion of the issues in the order previously presented.

Denial of the Motions to Strike Jurors for Cause
Aragon strenuously argues that the trial court erred in denying his motions to strike two jurors for cause and, therefore, he is entitled to a new trial. In Barnhill v. State, 834 So.2d 836 (Fla.2002), cert. denied, ___ U.S. ___, 123 S.Ct. 2281, 156 L.Ed.2d 134 (2003), the court explained the standard that applies to determine whether a juror is competent to serve:
The test for determining juror competency is whether the juror can set aside any bias or prejudice and render a verdict solely on the evidence presented and the instructions on the law given by the court. A juror must be excused for cause if any reasonable doubt exists as to whether the juror possesses an impartial state of mind. A trial court has great discretion when deciding whether to grant or deny a challenge for cause based on juror incompetency. The decision to deny a challenge for cause will be upheld on appeal if there is competent record support for the decision. In reviewing a claim of error such as this, we have recognized that the trial court has a unique vantage point in the determination of juror bias. The trial court is able to see the jurors' voir dire responses and make observations which simply cannot be discerned from an appellate record. It is the trial court's duty to determine whether a challenge for cause is proper.
Id. at 844 (citations omitted). Based on this standard, even if we assume that Aragon is correct that the trial court erred in denying his cause strikes, we are prohibited from reviewing this error because Aragon failed to properly preserve the error for review by this court.
In order to preserve for appellate review a trial court's improper denial of a motion to strike a prospective juror for cause, the complaining party must establish that: 1) a motion to strike the juror for cause was timely made; 2) the trial court improperly denied the motion; 3) the complaining party exhausted all peremptory challenges; 4) a request for additional peremptory challenges was made; 5) the jurors to be stricken with the additional challenges were identified; 6) the request for additional challenges was denied; and 7) the objectionable jurors actually served on the jury.[1] In addition, the error of refusing to strike for cause must be brought to the trial court's attention once more before the jury is sworn.[2]
*587 The State contends that Aragon failed to properly preserve any error regarding the denial of Aragon's motions to strike for cause because after he exhausted his peremptory challenges, he failed to request additional challenges. Aragon argues that he did make such a request when the following exchange took place between his counsel, Mr. Couture, and the trial court:
Mr. Couture: Your Honor, no, I do not have a challenge to Catalano; but just to make the record clear, we've exhausted our peremptory challenges.
The Court: Right.
Mr. Couture: And if we couldif some of our cause challenges would have been granted, we would have excused jury [sic] number 25, William Layman.
The Court: All right. Okay. Thank you. Bring the jury in please.
In Carratelli v. State, 832 So.2d 850 (Fla. 4th DCA 2002), review denied, 848 So.2d 1153 (Fla.2003), a case analogous to the instant case, after the defendant exhausted all of his peremptory challenges and the state accepted the jury, the court addressed defense counsel: "`Those six jurors unless additional challenges from the defense, [defense counsel].'" Id. at 855. In response, defense counsel stated, "`Ifif there are others, I would challenge including Mr. Inman, and others, if you granted me more peremptories.'" Id. The court held that this statement "was neither a motion nor a request for additional peremptory challenges." Id. at 856. Here, Aragon's counsel stated that "[a]nd if we couldif some of our cause challenges would have been granted, we would have excused jury [sic] number 25, William Layman." If the statement made by defense counsel in Carratelli is not a request for additional peremptory challenges, the statement made by Aragon's counsel in the instant case certainly is not. Therefore, Aragon failed to properly preserve any error the trial judge may have made in denying his motions to strike for cause.

Denial of the Motion for Juror Interview
In order to be entitled to a juror interview, a defendant must present "sworn allegations that, if true, would require the court to order a new trial because the alleged error was so fundamental and prejudicial as to vitiate the entire proceedings." Johnson v. State, 804 So.2d 1218, 1225 (Fla.2001). If the defendant meets this burden, he "must establish actual juror misconduct [via] the juror interview." Baptist Hosp. of Miami, Inc. v. Maler, 579 So.2d 97, 100 n. 1 (Fla.1991); Miles v. State, 839 So.2d 814, 818 (Fla. 4th DCA 2003). If this burden is met, the defendant will be entitled to a new trial unless the state can show that the misconduct was harmless. Baptist Hosp.; Miles.
A juror interview is not permitted regarding inquiry into any matter that inheres in the verdict and relates to the jury's deliberations. § 90.607(2)(b), Fla. Stat. (2001) ("Upon an inquiry into the validity of a verdict or indictment, a juror is not competent to testify as to any matter *588 which essentially inheres in the verdict or indictment."); Marshall v. State, 854 So.2d 1235, 1240, n. 5, 2003 WL 21354775 (Fla. June 12, 2003); Reaves v. State, 826 So.2d 932 (Fla.2002); Johnson v. State, 593 So.2d 206, 210 (Fla.), cert. denied, 506 U.S. 839, 113 S.Ct. 119, 121 L.Ed.2d 75 (1992); Mitchell v. State, 527 So.2d 179, 181 (Fla.), cert. denied, 488 U.S. 960, 109 S.Ct. 404, 102 L.Ed.2d 392 (1988); State v. Goldwire, 762 So.2d 996 (Fla. 5th DCA 2000), review denied, 786 So.2d 1185 (Fla.2001).
In order to preserve the sanctity of jury deliberations, when determining whether a matter inheres in the verdict, the courts distinguish between external sources and internal sources that influence a jury's verdict. Marshall. The courts consistently agree that a jury interview may be granted regarding allegations of influence upon the jurors' deliberations arising from an overt prejudicial act or external sources, such as two or more jurors agreeing to disregard their oaths and instructions from the court; a juror receiving prejudicial information from outside the courtroom; a juror improperly approached by a party, his agent, or attorney; or a verdict determined by aggregation and average or by lot, game of chance, or other improper manner. Marshall; Reaves; Devoney v. State, 717 So.2d 501 (Fla.1998). On the other hand, inquiry may not be made regarding matters that inhere in the verdict such as the juror "`did not assent to the verdict; that he misunderstood the instructions of the Court; the statements of the witnesses or the pleadings in the case; that he was unduly influenced by the statements or otherwise of his fellow-jurors, or mistaken in his calculations or judgment, or other matter resting alone in the juror's breast.'" Marks v. State Rd. Dep't, 69 So.2d 771, 774-75 (Fla.1954) (quoting Wright v. Illinois & Miss. Tel. Co., 20 Iowa 195, 210 (1866)); see also Marshall; Devoney; Goldwire. As the court summarized in Marshall, "A juror is not competent to testify about matters inhering in the verdict, such as jurors' emotions, mental processes, or mistaken beliefs." Marshall, 854 So.2d at 1240.
In the instant case, Aragon alleges that when the jury was polled, one juror mentioned that she did not feel qualified to be there and that it was very difficult. Aragon also asserts that this juror "teared up." However, this contention does not imply that the jury was influenced by external sources or improper material, nor does it involve any agreement among the other jurors to disregard their oaths and ignore the law. Aragon's assertion, which involves a juror's feeling of inadequacy in making a very difficult decision in a serious case, relates to the juror's "emotions, mental processes, or mistaken beliefs," which are matters that inhere in the verdict.[3] Hence a juror interview is impermissible. Because Aragon has failed to properly make allegations of influence upon the jurors' deliberations arising from an overt prejudicial act or external sources, the trial court did not err in denying Aragon's request for a jury interview.
Aragon asserts that rule 4-3.5(d)(4) of the Rules Regulating the Florida Bar provides him the avenue to interview the juror without filing a motion and obtaining an order from the court. Rule 4-3.5(d)(4) prohibits a lawyer connected with the trial from initiating communication with any juror, except to determine whether the verdict may be subject to legal challenge.
*589 The rule specifically states that the lawyer "may not interview the jurors for this purpose unless the lawyer has reason to believe that grounds for such challenge may exist." Id. Although the Florida Supreme Court has not specifically addressed the issue regarding the propriety of interviews under this rule, the court seems to have given tacit approval of such interviews in cases involving postconviction relief proceedings, provided the procedure outlined in the rule is followed.[4]See Arbelaez v. State, 775 So.2d 909, 920 (Fla.2000); see also Vining v. State, 827 So.2d 201 (Fla. 2002); Johnson v. State, 804 So.2d 1218 (Fla.2001).
In Defrancisco v. State, 830 So.2d 131 (Fla. 2d DCA 2002), the court specifically held that a juror interview may be conducted under the rule if the movant's counsel provides sufficient notice under the rule and "had `reason to believe' the verdict might be subject to a legal challenge based on juror misconduct." Id. at 134. Here, Aragon's reason to believe that the verdict may be subject to a legal challenge is based on the juror's statement that she felt unqualified to make a difficult decision in a serious case and that she cried during the polling procedure. This is not misconduct by the juror and it does not form the basis of a reasonable belief that the verdict may be subject to legal challenge. See Bullard v. State, 324 So.2d 652, 654 (Fla. 1st DCA 1975) (indicating that in order to have a reason to believe that a verdict is subject to a legal challenge, there should be a "reason to believe that one or more of the jurors had violated their oath and disregarded the instructions of the court."), cert. denied, 336 So.2d 1180 (Fla.1976). Moreover, a juror crying during the polling process is not a reasonable ground to believe that the verdict may be subject to a legal challenge. Murray v. State, 356 So.2d 71 (Fla. 1st DCA 1978).
A trial represents the expenditure of valuable public and private resources. Jurors, as private citizens, are called upon to invest their time and energy in judicial proceedings for little financial remuneration with the expectation that fulfillment of their civic duty will be sufficient reward for their service. Summoned as they are from all walks of life, most jurors are not trained in the judicial process and many find it difficult when confronted for the first time with the niceties of the law and its array of procedures. The jurors hear the evidence and the legal instructions and then struggle to sort through it all as they search for the truth. Often times they must make extraordinarily difficult decisions in cases that have very serious consequences for all of the participants. To allow inquiry into the jurors' emotions and feelings of inadequacy as they go through this often difficult process is to expect something closer to perfection than they and our judicial system can legitimately be expected to give. Although there will always be disappointed litigants in search of a reason to undo what a jury has done, to allow improper inquiry of individual jurors in furtherance of that effort poorly serves *590 the ends of justice, obstructs finality in judicial proceedings, and cheapens the investment made by those who are willing to search for the truth through the judicial process and proclaim it through their verdict.

Conclusion
After Aragon exhausted his allotted peremptory challenges, he did not request additional challenges and, therefore, he failed to preserve any error the trial judge may have made in denying his motions to strike for cause. As to the second issue, Aragon has failed to establish that he was entitled to a juror interview. Accordingly we affirm.
AFFIRMED.
SHARP, W. and PALMER, JJ., concur.
NOTES
[1] Mendoza v. State, 700 So.2d 670, 674-75 (Fla.1997) (citing Trotter v. State, 576 So.2d 691, 692-93 (Fla.1990); Pentecost v. State, 545 So.2d 861, 863 n. 1 (Fla.1989)), cert. denied, 525 U.S. 839, 119 S.Ct. 101, 142 L.Ed.2d 81 (1998); see also Kearse v. State, 662 So.2d 677 (Fla.1995); Hill v. State, 477 So.2d 553 (Fla.1985); Jenkins v. State, 824 So.2d 977 (Fla. 4th DCA 2002), review denied, 842 So.2d 844 (Fla.2003); Chattin v. State, 779 So.2d 415 (Fla. 2d DCA 2000).
[2] Rimmer v. State, 825 So.2d 304 (Fla.), cert. denied, 537 U.S. 1034, 123 S.Ct. 567, 154 L.Ed.2d 453 (2002); Rodas v. State, 821 So.2d 1150, 1153-54 (Fla. 4th DCA 2002) ("The error must then be `called to the trial court's attention once more prior to the swearing of the jury, so that the court will be made aware that the objecting party is insisting on the objection, and so that the court will have a last clear chance to take corrective action if needed.'") (quoting Milstein v. Mut. Sec. Life Ins. Co., 705 So.2d 639, 640 (Fla. 3d DCA 1998) (relying on Joiner v. State, 618 So.2d 174 (Fla.1993))), review denied, 839 So.2d 700 (Fla.2003); Martin v. State, 816 So.2d 187, 188 (Fla. 5th DCA 2002) ("Jury selection issues are deemed waived after acceptance of the jury, unless the objection is renewed, or the jury is accepted subject to an earlier objections [sic]."); see also Berry v. State, 792 So.2d 611 (Fla. 4th DCA 2001); Gootee v. Clevinger, 778 So.2d 1005 (Fla. 5th DCA 2000), review denied, 794 So.2d 603 (Fla. 2001); Barnette v. State, 768 So.2d 1246 (Fla. 5th DCA 2000).
[3] Aragon does not allege that he has reason to believe that the juror was statutorily disqualified under section 40.013(1), Florida Statutes (2001), from serving on the jury.
[4] The rule requires that prior to conducting an interview, the lawyer must file a notice of intention to interview containing the names of the jurors to be interviewed. R. Regulating Fla. Bar 4-3.5(d)(4). A copy of the notice must be furnished to opposing counsel and the trial judge a reasonable time before the interview. Id. If an objection is made by the opposing party, the trial court is required to hear the objection to determine whether the moving party has reason to believe that grounds exist for a legal challenge to the verdict. Defrancisco v. State, 830 So.2d 131 (Fla. 2d DCA 2002). If the court overrules the objection, the movant may conduct the interview and, if it leads to additional information that would support a legal challenge to the verdict, counsel may then file an appropriate motion and supporting affidavits for the court to conduct a formal interview. Id.