510 So.2d 1220 (1987)
Claudia J. BROOKS, As Personal Representative of the Estate of Milton M. Thomas, Deceased, Appellant,
v.
HERNDON AMBULANCE SERVICE, Appellee.
No. 86-1851.
District Court of Appeal of Florida, Fifth District.
August 13, 1987.
*1221 Dennis J. Wall and John R. Overchuck, Orlando, for appellant.
Sheldon D. Stevens of Stevens & Peters, P.A., Merritt Island, and Cynthia Cobourn Slack of Druck, Hicks & Futch, Ocala, for appellee.
DAUKSCH, Judge.
This is an appeal from an order denying a motion for juror interview. While we are of the opinion that such orders should rarely be granted and the scope of the interview should be narrowly limited we find that an interview should have been permitted here.
A juror contacted appellant's lawyer after an adverse jury verdict. This juror said one of the other jurors violated the court's instruction to refrain from discussing the case until the conclusion of the trial and submittal of the case to the jury. The lawyer submitted a motion and affidavit which said, in part:
3. Mrs. Sikes related that during the course of the trial it became apparent that George J. Thomas, intentionally disregarded the court's instruction, in that he discussed the testimony of witnesses, and commented on the testimony and evidence as the case proceeded. Specifically Mr. Thomas would make comments during the course of the trial to the effect that he believed "the boy" was dead the minute he hit the ground, even though no such testimony was heard during the trial, and even though the court had admonished the jury not to discuss the evidence until it was time to deliberate.
It was improper for this juror to talk about the case before deliberations began and the juror may have been guilty of contempt of court for doing so. That misconduct does not warrant a new trial or a juror interview by itself. However, if the juror was imparting information from outside the trial and evidence then a new trial may be warranted. Therefore, an interview is necessary here to determine whether the opinion expressed by the offending juror was merely his own based upon what he heard from the trial or whether he said it came from knowledge he gained from outside sources. More precisely the question is what impression his statements made upon the other jurors  were they influenced by his comments in the belief the comments were based upon extrinsic matters. If so, then perhaps the jury was significantly tainted. If not, then all's well. See Snook v. Firestone Tire & Rubber Co., 485 So.2d 496 (Fla. 5th DCA 1986).
Upon remand the parties should be permitted to inquire of juror Sikes regarding the statements she heard and whether it was conveyed to her, or she gained the impression that the opinion of the offending juror was based upon facts learned separate from the trial or based only upon the evidence. If the former then further questioning of other jurors is warranted and maybe a new trial. If not, then nothing further is required. This is not to say the court cannot permit further questioning of other jurors in either event if the trial judge feels it is warranted. The order denying juror interview is reversed.
REVERSED and REMANDED.
ORFINGER and COBB, JJ., concur.