619 So.2d 508 (1993)
Archie SCOTT, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-1537.
District Court of Appeal of Florida, Third District.
June 15, 1993.
Bennett H. Brummer, Public Defender, and Carol J.Y. Wilson, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Giselle D. Lylen, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
Defendant appeals his conviction and sentence for aggravated assault. We affirm defendant's conviction but vacate the sentence and remand for resentencing.
The incident upon which defendant's conviction is based occurred when defendant and his father fought. The father claimed his son had thrown two liquor bottles at him and hit him with a curbstone. Defendant was charged with two counts of aggravated assault, one count of aggravated battery, and one count of simple battery. At his jury trial, at the close of the evidence, defendant's motions for acquittal were granted as to all counts except count three, aggravated battery. Defendant claims a number of erroneous rulings by *509 the trial court mandate reversal of his conviction entered thereafter and vacation of his sentence.
First, defendant complains that while he was arguing for acquittal he heard the jury arguing about the facts of the case. When counsel brought the improper discussion to the trial judge's attention, at trial the judge ignored the claim and denied defendant's motion for mistrial. Next, the defense claims that the prosecutor committed reversible error by making prejudicial statements to the jury during closing. Third, the defense points out that while defendant's prior record was in dispute, the trial judge relied on the comments of counsel, and used a blank scoresheet when calculating defendant's recommended guidelines sentence. Finally, according to defendant, although he was incarcerated fifty days prior to imposition of his sentence, he was given credit for only five days of prior incarceration.
Addressing the above points, as to defendant's claim of premature deliberations, we observe that the trial court ultimately conducted a post-judgment evidentiary hearing to consider the defendant's claim. This hearing demonstrated that several jurors, prior to their final deliberations, made some comments among themselves as to defendant's innocence or guilt. Ultimately, each said these improprieties were quickly terminated and did not contribute to the ultimate verdict itself. The court so found and a review of the transcript of that hearing leads us to conclude that the trial court's decision is entitled to be honored. Doyle v. State, 460 So.2d 353 (Fla. 1984); Orosz v. State, 389 So.2d 1199 (Fla. 1st DCA 1980). The defendant was in no way denied his constitutional right to a fair and impartial trial. Alfonso v. State, 443 So.2d 176 (Fla. 3d DCA 1983).
Next, at trial, a contemporaneous objection and request for curative instruction are required to place the court on notice that a potential error may have been committed and to give the court the opportunity to correct any alleged error by allowing the court to either instruct the jury correctly on the law, if it has been misstated, or to instruct the jury to disregard a remark. Walton v. State, 547 So.2d 622 (Fla. 1989), cert. denied, 493 U.S. 1036, 110 S.Ct. 759, 107 L.Ed.2d 775 (1990). Here, the offending remarks during the prosecution's closing statement were either not directly objected to, or not objected to timely, or standing alone, were insufficient to warrant a new trial. See Riechmann v. State, 581 So.2d 133 (Fla. 1991), cert. denied, ___ U.S. ___, 113 S.Ct. 405, 121 L.Ed.2d 331 (1992); Duest v. State, 462 So.2d 446 (Fla. 1985).
Third, the record below clearly reflects, and the state concedes, that the trial court imposed sentence upon the defendant without benefit of a completed guidelines scoresheet. Under these circumstances, the matter must be remanded for a full hearing. Lamb v. State, 532 So.2d 1051 (Fla. 1988); Disinger v. State, 526 So.2d 213 (Fla. 5th DCA 1988); Fla.R.Crim.P. 3.701(d)(1). Also, in imposing sentence, the trial court did not announce on the record the amount of credit the defendant was to receive and it is impossible to determine what documentation was utilized to determine the amount awarded. Since there is a factual dispute, the matter is remanded for the trial court to hold a hearing on the correct number of days the defendant should be credited for time served.
Accordingly, defendant's conviction is affirmed, and the case is remanded for resentencing in light of the statements made herein.