720 So.2d 1101 (1998)
Richard YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2362.
District Court of Appeal of Florida, First District.
October 12, 1998.
*1102 Nancy Daniels, Public Defender, and Fred Parker Bingham II, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Denise O. Simpson, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Richard Young, appeals his conviction and sentence for lewd and lascivious conduct upon a minor. He raises two claims of juror misconduct and one claim that the prosecutor engaged in improper closing argument. We reverse.
During voir dire, the State and appellant asked questions that elicited responses from several of the potential jurors as to their own experiences with sexual abuse. The trial judge then asked one question:
In this case the allegations are that the child was molestedthat's the term that is being used. And it's important to know *1103 whether any member of the jury has had any experiences which might deprive Mr. Young of the presumption of innocence. And it's very important that we have impartial jurors. So can all of you tell me whether there is anything that has happened in your lifeincluding being molestedthat would make it difficult for you to give Mr. Young the presumption of innocence here?
In response to this question another potential juror said that she had been molested as a child. Both parties exercised five of their six peremptory strikes, and the final jury included four men and two women. Neither of the two women had replied to the questions about personal experiences with sexual abuse.
Following the trial, in which the jury found appellant guilty of committing a lewd act upon a minor, one of the jurors attempted to contact the trial judge, the clerk, and the defense attorney. Counsel for appellant filed an amended motion for new trial alleging his belief that juror misconduct had occurred, and requested an evidentiary hearing. At a hearing ordered by the trial court, the juror testified that one of the two female jurors had revealed, immediately upon entering the jury room for deliberations, that she had been just like the victim in the case, and that she had already made up her mind. When asked to explain a few minutes later, she said "that was me at one time," referring to what the victim had experienced. The juror also testified that he and another juror agreed to find appellant guilty only after another juror indicated that this was probably appellant's first offense and that he would likely receive a light sentence. At the conclusion of the testimony and arguments, the trial court ruled that the alleged misconduct did not render the trial unfair and declined to pursue the matter further.
We find merit in appellant's first claim of juror misconduct. A prospective juror has a duty to answer fully and truthfully all questions asked during voir dire, "neither falsely stating any fact, nor concealing any material matter...." De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995). Any juror who conceals a material fact that is relevant to the controversy is guilty of misconduct, and this misconduct is prejudicial to at least one of the parties, because it impairs his or her right to challenge the juror. See id. In this case, appellant made a prima facie showing of juror misconduct through the testimony of the juror at the post-trial hearing. Once a party shows that a juror concealed information during questioning that is relevant and material to serving on the jury in that case and that the non-disclosure was not caused by the party's own lack of diligence, inherent prejudice to the party is presumed, and the party is entitled to a new trial. See Lowrey v. State, 705 So.2d 1367 (Fla.1998); De La Rosa, supra. Here, "[i]t is abundantly clear from the transcript of the voir dire proceedings that no person sufficiently perceptive and alert to be qualified to act as a juror could have sat through voir dire without realizing that it was ... her duty to make known to the parties and the court" her own sexual abuse. Mobil Chemical Co. v. Hawkins, 440 So.2d 378, 381 (Fla. 1st DCA 1983), review denied, 449 So.2d 264 (Fla.1984).
We find that the issue of alleged misconduct was preserved for review. The record shows that after the testimony by the juror was heard, the state argued that the misconduct did not meet the standard required for a new trial, but that if the court were going to consider the testimony in connection with the motion for new trial, the state requested that the court issue an order and bring in each of the jurors for questioning. The state also maintained that the proper remedy for the situation where a juror lies under oath during jury selection is to have a prosecution of that juror for perjury. After further argument by counsel, the court observed that because of the efforts made by the juror to contact the court, the clerk, and counsel, it was incumbent upon the court "to make a record as to what had taken place," and that the juror "could have had something to say that would have been more detrimental than what this turned out to be." The court further stated: "I don't find this to be, quite frankly, to the level I was anticipating him to have [sic] ...," and: "I don't feel that any of this rendered the trial unfair to *1104 Mr. Young, and that's the standard that I'm guided by." The court then observed that the record was preserved sufficiently for defense counsel to pursue the matter on appeal.
It is clear from the above that the trial court concluded that the facts testified to by the juror, if assumed to be true, did not warrant the granting of a new trial; and it is also apparent that the finality of the court's ruling on the issue eliminated the necessity for further objection, argument or discussion on the part of defense counsel. We conclude that once the court had before it the testimony of the juror who came forward with the allegations of misconduct above related, it was incumbent upon the trial court to pursue the matter further by bringing before it the other jurors for questioning about what was said in the jury room. See Sconyers v. State, 513 So.2d 1113 (Fla. 2d DCA 1987). Accordingly, we reverse the denial of appellant's motion for a new trial and remand for further juror interviews to determine whether the one juror withheld information of her own experience of sexual abuse. If the trial court finds that the juror did conceal this information, then appellant is entitled to a new trial.
We find no merit in appellant's second claim of misconduct. A court cannot look into a jury's deliberations to show any matter that inheres in the verdict, such as any statements by jurors that may have unduly influenced another juror. See Devoney v. State, 23 Fla. L. Weekly S323, 717 So.2d 501 (Fla.1998).
We turn finally to appellant's contention that the prosecuting attorney engaged in improper closing argument. During the trial, appellant's counsel questioned the victim about her history of mental illness and behavioral problems, current use of medication, and knowledge of sexual acts. In response to these legitimate questions reflecting upon the victim's credibility, the prosecutor opened her closing arguments by saying, "I'm going to come right out and say what nobody has said[victim] you are a piece of trashyou are brain dead, you have problems and your [sic] on drugs." Appellant objected to this statement, arguing that it was not a fair comment on the evidence. The trial court overruled the objection but warned the prosecutor to restrict her comments to matters that were introduced into evidence. Although we agree with appellee's view that the above and other allegedly improper arguments do not rise to the level required for a mistrial, we caution that this kind of hyperbolic expression is to be condemned. In cases "where witness credibility is the pivotal issue, inappropriate prosecutorial comment[,] which might be considered harmless in another context, can become prejudicially harmful." Pacifico v. State, 642 So.2d 1178, 1184 (Fla. 1st DCA 1994).
REVERSED and REMANDED for further proceedings consistent with the above opinion and decision.
MINER and WEBSTER, JJ., and SMITH, LARRY G., Senior Judge, concur.