ERVIN, J.
This is an appeal from an order denying appellant Kelton Forbes’ motion for new trial. We conclude that the first issue, alleging that the lower court erred in denying the motion without affording him the opportunity to interview a juror to determine whether the juror failed to disclose knowledge of Forbes during voir dire, requires reversal and remand of the case for an evidentiary hearing. We thus do not reach appellant’s second issue pertaining to his sentence.
The affidavits Forbes presented in support of his motion disclose that neighbors averred that the juror lived in the same neighborhood as appellant’s grandmother, aunt and uncle, that the juror’s son had been a good friend of Forbes when they were boys, that the juror knew Forbes, and that the juror was aware of some of the things of which Forbes had been accused, because he had attended a neighborhood meeting at which several break-ins involving Forbes were discussed. Appellant represented in his memorandum of law that he had not remembered the juror during trial.
In denying the motion, the court recited the three-part test required by De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995), for granting a new trial based upon a juror’s nondisclosure of information during voir dire. The movant must show that (1) the information the juror withheld is relevant and material to jury selection; (2) the juror concealed such information; and (3) the failure to disclose the information was not attributable to the movant’s lack of diligence. The court decided that Forbes failed to satisfy the second and third parts of the test. We agree with appellant that, based on the information supplied to the court, the court erred in applying the De La Rosa test prematurely, and should have permitted a juror interview before determining the motion for new trial. See, e.g., Young v. State, 720 So.2d 1101 (Fla. 1st DCA 1998) (De La Rosa standard applied after juror interview).
In Baptist Hospital of Miami, Inc. v. Maler, 579 So.2d 97 (Fla.1991), the supreme court stated the test that should be used to determine when post-trial questioning of a juror is warranted. The court concluded that a jury inquiry is permissible only when “the moving party has made sworn factual allegations that, if true, would require a trial court to order a new trial[.]” Id. at 100 (emphasis added). See generally Wilding v. State, 674 So.2d 114 (Fla.1996), and Jenkins v. State, 732 So.2d 1185 (Fla. 4th DCA 1999) (confirming applicability of Maler standard in criminal cases).
This court has stated that a juror’s “knowledge concerning one of the parties is considered to be a material fact,” and that concealment of a material fact relevant to issues in a case is a ground for legally challenging a verdict. Singletary v. Lewis, 584 So.2d 634, 636 (Fla. 1st DCA 1991). If true, the allegations of Forbes’ affiants that the juror knew Forbes and had attended a neighborhood meeting wherein crimes were discussed and attributed to him would warrant a new trial, unless the state is able to demonstrate that there was no reasonable possibility that the misconduct affected the verdict. Wilding, 674 So.2d at 118. Moreover, if it is shown that Forbes knew the juror but withheld that knowledge, such fact would constitute a waiver of any issue of juror misconduct. See, e.g., Rooney v. Hannon, 732 So.2d 408 (Fla. 4th DCA), review denied, 744 So.2d 456 (Fla.1999).
REVERSED and REMANDED for an evidentiary hearing to determine possible juror misconduct.
BOOTH and BENTON, JJ., CONCUR.