PER CURIAM.
Eduardo Williams appeals an order denying, without a hearing, his timely motion for postconviction relief. The motion alleged ineffective assistance of counsel and jury misconduct that came to light after the trial. Because the motion and affidavits attached thereto make out a prima facie case of juror misconduct which defense counsel allegedly took no steps to address, we reverse and remand for further proceedings consistent with this opinion.
After a jury found Mr. Williams guilty, he was adjudicated guilty of manslaughter and sentenced. On direct appeal, his conviction was affirmed. See Williams v. State, 702 So.2d 495 (Fla. 1st DCA 1997) (Table). Mr. Williams then filed the present motion under Florida Rule of Criminal Procedure 3.850 alleging that two jurors had engaged in deliberations before hearing all the evidence. The motion alleged that an alternate juror, one Vincent T. Merriwether, told Mr. Williams’s family members about the juror misconduct immediately upon his dismissal as an alternate juror and that they then informed defense counsel who, however, failed to move for new trial. The motion further alleged that, Mr. Williams later learned personally of the juror misconduct from Mr. Merriwether.
Attached to the motion for postconviction relief were two affidavits from Mr. Merriwether. The first affidavit reads as follows:
In the day 2 of the trial of Eduardo Williams there were two jurors freely talking about the case. They had already found him guilty of the offense. They said it was a waste of time and *1106 money. And it was an act. They did not follow the judge’s directions.
The relevant portions of the second affidavit read as follows:
I sat on the jury and was aware of conversations between jurors during the trial while in the jury room and in the elevator.
There was a tall black female and a white woman about 5'6" with blonde hair. They discussed the case after being sworn by the judge. When Mr. Williams was first seen by the jury he was unshaven and rough looking. After he was shaven, the two women said he, Mr. Williams, is just trying to look innocent.
The two women did not want to be on the jury and stated that the trial was a waste of time and money. This was said before the state ever finished putting on them case. The atmosphere of the jury was that Mr. Williams was guilty before the defense ever put on their case.
The trial court denied the motion on grounds that Mr. Williams had failed to set forth a prima facie case for relief, noting that the verdict was for a lesser included offense.
The trial court reasoned that Mr. Williams’s claim of premature deliberations related to the jurors’ thought process and, therefore, precluded the trial court from making further inquiry under Devoney v. State, 717 So.2d 501 (Fla.1998), and Young v. State, 720 So.2d 1101 (Fla. 1st DCA 1998). The trial court also reasoned that, because the jury came back with a verdict of manslaughter, instead of second degree murder with a firearm, as charged, the jury did not have a fixed opinion as to guilt.
A claim of premature deliberations may be asserted following an adverse jury verdict. Whether or not deliberations were undertaken prematurely is an appropriate subject of judicial inquiry. The timing of deliberations does not inhere in the verdict. As the Florida Supreme Court has explained,
[tjhere- can be no doubt that the jurors were aware that they should not discuss the case prior to deliberations. The fact that discussions did, in fact, take place clearly indicates an impropriety. See Amazon v. State, 487 So.2d 8, 11-12 (Fla.1986) (indicating that a juror’s comment to an alternate juror was more than improper, it was indeed presumptively prejudicial); Scott v. State, 619 So.2d 508, 509 (Fla. 3rd DCA 1993) (labeling premature deliberations, in the form of jury comments, as improper); Brooks v. Herndon Ambulance Service, 510 So.2d 1220, 1221 (Fla. 5th DCA 1987) (finding premature jury discussions to be improper). We have said that, once a prima facie case of potential prejudice has been established, the burden is on the State to rebut the ... presumption of prejudice. Amazon, 487 So.2d at 11.
Johnson v. State, 696 So.2d 317, 323 (Fla.1997). Mr. Williams had the burden here to plead a prima facie case of juror misconduct justifying a new trial. See Amazon v. State, 487 So.2d 8, 11 (Fla.1986) (“[potentially harmful misconduct is presumptively prejudicial, but the defendant has the initial burden of establishing a prima facie case that the conduct is potentially prejudicial.”); Russ v. State, 95 So.2d 594, 599 (Fla.1957).
The affidavits attached to his motion allege that two jurors discussed the case during trial and expressed an opinion as to guilt before the close of the evidence. The affidavits do not allege that the jurors relied on outside information in coming to this opinion. See Sims v. State, 444 So.2d 922, 924-25 (Fla.1983). They do not suggest that the jury had any opportunity to gather information outside of the record. *1107 See Gould v. State, 745 So.2d 354, 358 (Fla. 4th DCA 1999); Jenkins v. State, 732 So.2d 1185, 1187 (Fla. 4th DCA 1999). Nor do the affidavits indicate that the jurors lied or provided incomplete information during voir dire. See Young v. State, 720 So.2d 1101, 1103 (Fla. 1st DCA 1998); Sconyers v. State, 513 So.2d 1113, 1115-16 (Fla. 2d DCA 1987). As far as the affidavits reveal, the jurors were merely relying on information obtained in the trial and were expressing their opinions as to the proper outcome prematurely. Nevertheless, these affidavits set forth a prima facie case of premature deliberations by two members of the jury. See Johnson, 696 So.2d at 323.
If such premature deliberations occurred, the jurors violated the trial court’s instructions. See Fla. Std. Jury Instr. (Crim) § 1.01, at 4 (Pretrial Instructions) (“You should not form any definite or fixed opinion on the merits of the case until you have heard all the evidence, the argument of the lawyers and the instructions on the law by the judge. Until that time you should not discuss the case among yourselves.”). The motion alleges that two jurors made a decision as to Mr. Williams’s guilt before hearing all of the evidence. “[0]nce a prima facie case of potential prejudice has been established, the burden is on the State to rebut the ... presumption of prejudice.” Johnson, 696 So.2d at 323; see also Scott v. State, 619 So.2d 508, 509 (Fla. 3d DCA 1993); Brooks v. Herndon Ambulance Serv., 510 So.2d 1220, 1221 (Fla. 5th DCA 1987).
The affidavits and the motion incorporating them essentially allege that, prior to hearing the defense’s case and receiving final jury instructions, at least two members of the jury decided that Mr. Williams was guilty. This may well have had an impact on the outcome of deliberations even though the jury returned a verdict on a lesser-included offense. Nothing in the record conclusively refutes the allegations contained within the affidavits. The trial court erred in summarily denying the motion for post-conviction relief. Accordingly, we reverse the order denying the motion for postconviction relief and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
BOOTH, BENTON, and BROWNING, JJ., CONCUR.