922 So.2d 386 (2006)
Gilbert RAMIREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-1100.
District Court of Appeal of Florida, First District.
March 7, 2006.
*387 Nancy A. Daniels, Public Defender; Richard M. Summa, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Philip W. Edwards, Assistant Attorney General and Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
By motion for new trial, Gilbert Ramirez alleged that premature jury deliberations or conversations had deprived him of a fair trial. Stating that "even if it happened" it "would not be a basis for granting the motion for new trial," the learned trial judge denied the motion, ruling that, whenever a jury's deliberations occur, they inhere in the verdict. We vacate the order denying appellant's motion for new trial, along with his judgment and sentence, and remand for further proceedings.
The motion for new trial was filed within ten days of the verdict that found Mr. Ramirez guilty of burglary of a dwelling in violation of section 810.02(3), Florida Statutes (2002). The motion alleged:
The jury defied and disobeyed the trial judge's series of admonitions that it not deliberate during the trial. While the jury was deliberating, the alternate juror, Shakira Sims, told a bailiff in courtroom number seven words to the effect *388 that the jury was split as to the defendant's guilt until after they heard his testimony. This improper activity has denied Mr. Ramirez a fair trial.
Defense counsel sought not only a new trial, but also, as defense counsel emphasized in arguing the motion for new trial to the trial court, preliminarily "a further inquiry of the people involved."

I.
The state argues that appellate review of the order denying the motion for new trial is foreclosed  even to the extent that the motion sought "further inquiry"  because the defense filed neither a motion to interview a juror or jurors under Florida Rule of Criminal Procedure 3.575 nor any notice under Rule Regulating The Florida Bar 4-3.5(d)(4), and because the motion that was filed was not sworn.

A.
Florida Rule of Criminal Procedure 3.575 (which took effect on January 1, 2005, two days before the trial in the present case) authorizes application for a court order to permit juror interviews "upon a finding that the verdict may be subject to challenge":
A party who has reason to believe that the verdict may be subject to legal challenge may move the court for an order permitting an interview of a juror or jurors to so determine. The motion shall be filed within 10 days after the rendition of the verdict, unless good cause is shown for the failure to make the motion within that time. The motion shall state the name of any juror to be interviewed and the reasons that the party has to believe that the verdict may be subject to challenge. After notice and hearing, the trial judge, upon a finding that the verdict may be subject to challenge, shall enter an order permitting the interview, and setting therein a time and a place for the interview of the juror or jurors, which shall be conducted in the presence of the court and the parties. If no reason is found to believe that the verdict may be subject to challenge, the court shall enter its order denying permission to interview.
Contemporaneously adopted commentary clarifies that "[t]his rule does not abrogate Rule Regulating The Florida Bar 4-3.5(d)(4), which allows an attorney to interview a juror to determine whether the verdict may be subject to legal challenge after filing a notice of intention to interview."
Rule 3.575 regulates juror interviews but does not preclude or regulate any challenge to the verdict itself. Rule 3.575 lays down no requirements with which the defense did not substantially comply. The motion for new trial was "filed within 10 days after the rendition of the verdict" and "state[s] the name of . . . [at least one of the] juror[s] to be interviewed and the reasons that the party has to believe that the verdict may be subject to challenge." The trial court found no procedural impediment to addressing issues which motions filed under Rule 3.575 can raise. Concluding in effect that there was "no reason . . . to believe that the verdict may be subject to challenge, the court . . . enter[ed] its order denying permission to interview," and denied a new trial, accordingly. See Fla. R.Crim. P. 3.575.

B.
The state also argues that we should refuse to reach the merits of the trial court's ruling because the motion was unverified and lacked supporting affidavits. While the supreme court did say in Baptist Hospital of Miami, Inc. v. Maler, 579 So.2d 97, 100 (Fla.1991), that "an inquiry [of jurors] is never permissible unless *389 the moving party has made sworn factual allegations that, if true, would require a trial court to order a new trial using the standard adopted in Hamilton,"[1] and reiterated this view in Power v. State, 886 So.2d 952, 957 (Fla.2004), our attention has been drawn to no case in which the sufficiency of a request for juror interviews turned solely on the lack of sworn allegations.[2]See generally Sconyers v. State, 513 So.2d 1113, 1114-16 (Fla. 2d DCA 1987) (reversing denial of unsworn post-judgment motion to interview jurors). But see generally Gilliam v. State, 582 So.2d 610, 611 (Fla.1991) (noting that no affidavits had been filed in concluding that the motion did not allege grounds to believe trial publicity had reached juror till after the verdict); Orange County v. Fuller, 502 So.2d 1364, 1364 (Fla. 5th DCA 1987) (quashing an order scheduling post trial interviews of jurors because the motion was not supported by affidavits and its allegations were "speculative, conclusory, or concern[ed] matters that inhere in the verdict itself").
In any event, the supreme court necessarily disavowed its dicta (and any possible holding) requiring sworn allegations as a precondition to contact with jurors post trial, when it adopted Rule 3.575, which contains no requirement that any motion filed under the rule be verified. Not insignificantly, moreover, our supreme court also expressly left available the alternative procedure under Rule Regulating The Florida Bar 4-3.5(d)(4), which allows an attorney with "reason to believe that grounds for such challenge may exist" to interview a juror or jurors to determine whether the verdict may be subject to legal challenge after merely "fil[ing] in the cause a notice of intention to interview setting forth the name of the juror or jurors to be interviewed."
The trial court did not deny appellant's motion on grounds that the defendant's allegations were not sworn, or on the basis of any other supposed procedural shortcoming in the form of the request. The trial court denied the request on grounds that amount to a ruling that premature jury discussions cannot be the basis for a challenge to the verdict. The issue is preserved, and we now examine the propriety of the trial court's ruling.

II.
We have previously held, and the state concedes, that a "claim of premature deliberations may be asserted following an adverse jury verdict." Williams v. State, 793 So.2d 1104, 1106 (Fla. 1st DCA 2001) ("Whether or not deliberations were undertaken *390 prematurely is an appropriate subject of judicial inquiry."). We have expressly rejected the rationale given for the ruling below, saying in Williams that the "timing of deliberations does not inhere in the verdict." Id. at 1106.
Once the trial court was apprised of "reasons . . . to believe that the verdict may be subject to challenge," Fla. R.Crim. P. 3.575  in that the jury allegedly began deliberations prematurely  it should have allowed juror interviews. See Williams, 793 So.2d at 1106; see also Forbes v. State, 753 So.2d 709, 710 (Fla. 1st DCA 2000) (holding that the trial court should have permitted juror interviews before determining a motion for new trial); Roland v. State, 584 So.2d 68, 69-70 (Fla. 1st DCA 1991) (holding that the trial court abused its discretion in denying motion to interview juror when the allegations in the motion and affidavit established prima facie showing of juror misconduct and remanding for juror interview); Brooks v. Herndon Ambulance Serv., 510 So.2d 1220, 1221 (Fla. 5th DCA 1987) (reversing the denial of a motion for juror interview).
At any evidentiary hearing after an opportunity for juror interviews on remand, the initial burden will be on the defense "either to show that prejudice resulted or that the [premature deliberations or conversations] were of such character as to raise a presumption of prejudice." Russ v. State, 95 So.2d 594, 600-01 (Fla. 1957). Deciding a case before hearing all the evidence is antithetical to a fair trial.
[D]ue process envisions a court that "hears before it condemns . . . and renders judgment only after proper consideration of issues advanced by adversarial parties. In this respect the term `due process' embodies a fundamental conception of fairness that derives ultimately from the natural rights of all individuals." Scull v. State, 569 So.2d 1251, 1252 (Fla.1990) (citation omitted)
Jones v. State, 740 So.2d 520, 523 (Fla. 1999). If the defense proves that deliberations or conversations took place among jurors about the case before the case was submitted, the burden will shift to the state to rebut the resulting presumption of prejudice.[3] If the trial court finds that premature deliberations took place, it must order a new trial, unless the state proves that the appellant was not prejudiced by the jurors' misconduct.[4]
Accordingly, appellant's judgment and sentence are vacated, as is the antecedent order denying his motion for new trial (all subject to possible reinstatement), and the case is remanded with instructions that the *391 trial court allow interviews of the jurors, and for other and further proceedings consistent with this opinion.
ALLEN and VAN NORTWICK, JJ., concur.
NOTES
[1] State v. Hamilton, 574 So.2d 124, 129 (Fla. 1991). Under the Hamilton standard, the moving party must establish actual juror misconduct and, once that is done, the moving party is entitled to a new trial unless the opposing party can demonstrate that there is no reasonable possibility that the juror misconduct affected the verdict.
[2] On the other hand, in many cases where courts found that a party had made a prima facie showing of jury misconduct, they noted that affidavits supported the motions. See Williams v. State, 793 So.2d 1104, 1105 (Fla. 1st DCA 2001) (finding postconviction motion and attached affidavits made out a prima facie case of juror misconduct); Forbes v. State, 753 So.2d 709, 710 (Fla. 1st DCA 2000) (reversing denial of motion for new trial for an evidentiary hearing to determine possible juror misconduct where affidavits indicated jury misconduct); Roland v. State, 584 So.2d 68, 69-70 (Fla. 1st DCA 1991) (holding the trial court abused its discretion in denying motion to interview juror when allegations in motion and affidavit established prima facie showing of juror misconduct); Brooks v. Herndon Ambulance Serv., 510 So.2d 1220, 1221 (Fla. 5th DCA 1987) (finding that juror interview should have been granted when affidavit indicated that a juror had talked about the case before deliberations began).
[3] If proof of premature discussion of the case by the jury fails, there will be no occasion to inquire into the jury's subsequent deliberations in due course. See generally Brown v. State, 661 So.2d 309, 311 (Fla. 1st DCA 1995) ("But the rule is `that the mental processes by which a juror arrives at his conclusion in any given case is not a matter that can be inquired into.'") (quoting Van Eaton v. State, 205 So.2d 298, 300 (Fla.1967)).
[4] As was said in Williams, 793 So.2d at 1107:

If such premature deliberations occurred, the jurors violated the trial court's instructions. See Fla. Std. Jury Instr. (Crim) § 1.01, at 4 (Pretrial Instructions) ("You should not form any definite or fixed opinion on the merits of the case until you have heard all the evidence, the argument of the lawyers and the instructions on the law by the judge. Until that time you should not discuss the case among yourselves."). The motion alleges that two jurors made a decision as to Mr. Williams's guilt before hearing all of the evidence. "[O]nce a prima facie case of potential prejudice has been established, the burden is on the State to rebut the . . . presumption of prejudice." Johnson, 696 So.2d [317] at 323 [(Fla. 1997)]; see also Scott v. State, 619 So.2d 508, 509 (Fla. 3d DCA 1993); Brooks v. Herndon Ambulance Serv., 510 So.2d 1220, 1221 (Fla. 5th DCA 1987).