PER CURIAM.
 

 This petition for writ of certiorari stems from a post-verdict court order granting, in part, Respondent’s request to interview jurors. Respondent’s motion was filed 18 days late with the trial court.
 
 See
 
 Fla. R. Civ. P. 1.431(h) (requiring motion to interview jurors to be filed within 10 days after the verdict is rendered). Although rule 1.431(h) gives the court discretion to accept an untimely motion to interview jurors if “good cause is shown,” in its order, the trial court struck through an express finding that good cause existed, yet it “deemed” the motion timely filed. We hold that the trial court departed from the essential requirements of the law by granting Respondent’s motion without finding that good cause existed to excuse the untimely filing. We note, furthermore, that other means are available to attorneys who seek to communicate with jurors.
 
 See
 
 R. Regulating Fla. Bar 4 — 3.5(d)(4);
 
 see also Ramirez v. State,
 
 922 So.2d 386, 389 (Fla. 1st DCA 2006).
 

 Petition for writ of certiorari is GRANTED. The order granting juror interviews is quashed, and we remand for proceedings consistent with this decision.
 

 BENTON, C.J., DAVIS, and THOMAS, JJ., concur.