TAYLOR, J.
The defendant, Rajiv Gray, appeals his convictions for robbery with a firearm and resisting arrest without violence. Because the defendant’s post-trial motion for juror interviews alleged a prima facie case of premature jury deliberations, the trial court abused its discretion in denying the motion. We therefore reverse the trial court’s post-trial order denying the defendant’s motion for juror interviews and remand for further proceedings.
Within ten days of the jury verdict, the defendant filed a motion to interview jurors and for a new trial. According to the allegations of the motion, after the jury retired to deliberate, the alternate juror spoke to defense counsel as he was walking to the elevator. The alternate juror, who had been released, explained that several jurors felt “extremely” strongly that the defendant was guilty. One juror said the alternate juror, “[W]hat was the defendant doing walking with a gun at one o’clock in the morning?” The alternate juror mentioned that other jurors felt there was no physical evidence to convict and that several jurors had strong personalities. The alternate juror gave defense counsel her phone number to inform her of the verdict; defense counsel did not call her or have any further contact with her. The trial court denied the defendant’s motion as legally insufficient.[1]
“A trial court’s decision on a motion to interview jurors is reviewed under an abuse of discretion standard.” Anderson v. State, 18 So.3d 501, 519 (Fla.2009).
Florida Rule of Criminal Procedure 8.575 provides that a party who has reason to believe that the verdict may be subject to legal challenge may move the court for an order permitting an interview of a juror or jurors. Upon “a finding that the verdict may be subject to challenge,” the trial judge “shall enter an order permitting the interview....” Fla. R.Crim. P. 8.575. Disparity from previous case law, Rule 3.575 does not require the filing of sworn affidavits in order to interview a juror. See Pozo v. State, 963 So.2d 831, 835 (Fla. 4th DCA 2007).
Juror interviews are not permitted relative to any matter that inheres in the verdict itself and relates to the jury’s deliberations. Reaves v. State, 826 So.2d 932, 943 (Fla.2002). “To this end, any jury inquiry is limited to allegations which involve an overt prejudicial act or external influence, such as a juror receiving prejudicial nonrecord evidence or an actual, express agreement between two or more jurors to disregard their juror oaths and instructions.” Id. (footnote omitted).
The First District has explained, however, that “[a] claim of premature deliberations may be asserted following an adverse jury verdict.” Williams v. State, 793 So.2d 1104, 1106 (Fla. 1st DCA 2001). This is because “[t]he timing of deliberations does not inhere in the verdict.” Id. (emphasis added). Accordingly, the issue of whether deliberations were undertaken prematurely “is an appropriate subject of judicial inquiry.” Id.
In Williams, the First District held that allegations that two jurors discussed the ease during trial and expressed an opinion as to guilt before the close of the evidence *338 was sufficient to set forth a prima facie case of premature deliberations by two members of the jury. Id. at 1107-08. The court found this to be the case even though the affidavits did not allege that the jurors relied on outside information in coming to their opinion. Id. at 1107.
Similarly, in Ramirez v. State, 922 So.2d 386 (Fla. 1st DCA 2006), the First District followed its holding in Williams and held that the trial court should have allowed juror interviews following an allegation that an alternate juror told a bailiff that the jury was split as to the defendant’s guilt until after the jurors heard the defendant’s testimony. The court explained that “[djeciding a case before hearing all the evidence is antithetical to a fair trial.” Id. at 390.
By contrast, a lone juror’s attempt to discuss the defendant’s guilt prematurely is insufficient to warrant juror interviews. See Reaves, 826 So.2d at 943. In Reaves, the defendant sought juror interviews in a postconviction motion, alleging that one juror attempted to discuss guilt prematurely. Our supreme court found that this allegation was insufficient to warrant juror interviews:
In the instant case, Reaves has alleged that one juror attempted to discuss guilt prematurely. This contention does not involve any agreement among the other jurors to disregard their oaths and ignore the law, nor does it imply that the jury was influenced by external sources or improper material. Reaves’ assertion, which involves a lone juror’s understanding of the jury instructions, is “a matter which essentially inheres in the verdict itself’; hence, juror interviews are not permissible.
Id. (emphasis added).
Here, the trial court abused its discretion in denying the motion for juror interviews where the defendant’s allegations gave rise to a prima facie case of premature jury deliberations. The defendant’s allegations suggested that multiple jurors were improperly discussing the case during trial and were expressing opinions as to the defendant’s guilt before the close of the evidence. This was not merely an allegation of a lone juror attempting to discuss the case prematurely, as occurred in Reaves. Rather, the facts alleged in the defendant’s motion, if true, would constitute an agreement among multiple jurors to disregard their oaths and deliberate prematurely. We therefore follow the reasoning and result in Williams and Ramirez in reversing the trial court’s denial of the motion for juror interviews and remand for further proceedings.
On remand, after an opportunity for juror interviews, the defense will bear the initial burden either to show that prejudice resulted or that the premature deliberations or conversations were of such character as to raise a presumption of prejudice. Ramirez, 922 So.2d at 390. If the defense proves that deliberations or conversations took place among jurors about the case before the case was submitted, the burden will shift to the State to rebut the resulting presumption of prejudice. Id. If the trial court finds that premature deliberations took place, it must order a new trial, unless the State proves that the defendant was not prejudiced by the jurors’ misconduct. Id.

Reversed and Remanded for further proceedings consistent with this opinion.

HAZOURI and LEVINE, JJ., concur.

. The defendant's motion also alleged as a separate ground that one juror failed to disclose that a circuit judge, who did not preside over the defendant's trial, was a client at the juror’s hair salon. As to this allegation of juror concealment, however, we conclude without further comment that the defendant failed to meet the three-part test of De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995).