IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

NICHOL PHELPS,

      Appellant/Cross-Appellee,

v.                                    Case No. 5D14-2128

STATE OF FLORIDA,

      Appellee/Cross-Appellant.

_____/

Opinion filed February 26, 2016

Appeal from the Circuit Court
for Orange County,
Michael Murphy, Judge.

James S. Purdy, Public Defender, and
David S. Morgan and Nancy Ryan,
Assistant Public Defenders, Daytona
Beach, for Appellant/Cross-Appellee.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Appellee/Cross-Appellant.


PALMER J.

      Nichol Marie Phelps (defendant) timely appeals her convictions and sentences,

challenging the trial court's denial of her motion to interview an alternate

juror. Determining that the motion raised sufficient allegations to require a juror interview,

we reverse that ruling. The State cross-appeals, challenging the defendant's downward

departure sentences. Because the State failed to preserve this issue for appeal, we affirm the sentences without further discussion. See State v. Hamner, 816 So. 2d 810, 812 (Fla. 5th DCA 2002) ("Because the state failed to timely object to the departure sentence after it was imposed, or to the absence of reasons for its imposition, this sentencing issue was not preserved for appeal.").

At trial, the court ordered the jury not to deliberate before the close of evidence. After the jury entered its verdict, the defendant filed a motion seeking to interview an alternate juror.[1] She referenced an affidavit from her mother, Ms. Horn, which asserted, in part:

> I had a conversation with the male alternate juror after he was excused from the jury. During that conversation, this juror indicated that the jurors had discussed the case during the trial even though they had been instructed not to by the Judge. He also stated that several jurors indicated that they wanted to hear [the defendant] testify and further that some of these jurors made statements to the affect [sic] that they could not understand why the defendant would not testify if she was not guilty.

The trial court granted a hearing on the motion. During the hearing, Ms. Horn testified that an alternate juror had approached her and stated:

> I'm not going to tell you that we didn't talk during lunches and breaks; you know we did.

---

[1] See Fla. R. Crim. P. 3.575 ("A party who has reason to believe that the verdict may be subject to legal challenge may move the court for an order permitting an interview of a juror or jurors to so determine. The motion shall be filed within 10 days after the rendition of the verdict, unless good cause is shown for the failure to make the motion within that time. The motion shall state the name of any juror to be interviewed and the reasons that the party has to believe that the verdict may be subject to challenge. After notice and hearing, the trial judge, upon a finding that the verdict may be subject to challenge, shall enter an order permitting the interview, and setting therein a time and a place for the interview of the juror or jurors, which shall be conducted in the presence of the court and the parties. If no reason is found to believe that the verdict may be subject to challenge, the court shall enter its order denying permission to interview.").

Further, Ms. Horn stated that the alternate juror told her that

> [the defendant is] going to have a hard time convincing a couple of the jurors that she's not guilty. They stated that – he – he [sic] stated that they said they wanted to hear her testimony, and why wouldn't a person who's not guilty testify for themselves.

Denying the motion, the trial court ruled:

> [N]either the allegation in the affidavit nor the statement made in the hearing indicate that jurors had discussed the case *and* formed an opinion as to guilt before the close of evidence. Had the statement been, for example, that two of the jurors indicated they were going to find the Defendant guilty if she did not testify, then that statement would have been sufficient to require a juror interview of at least the alternate.

The defendant challenges this ruling, arguing that the trial court abused its discretion in denying her motion. We agree.

"A trial court's decision on a motion to interview jurors is reviewed under an abuse of discretion standard." Gray v. State, 72 So. 3d 336, 337 (Fla. 4th DCA 2011) (internal quotation marks omitted). " '[A] claim of premature deliberations may be asserted following an adverse jury verdict' . . . because '[t]he *timing* of deliberations does not inhere in the verdict.' Accordingly, the issue of whether deliberations were undertaken prematurely is an appropriate subject of judicial inquiry.' " Id. at 337 (quoting Williams v. State, 793 So. 2d 1104, 1106 (Fla. 1st DCA 2001)).

In Gray, the Fourth District held that the trial court abused its discretion in denying the defendant's motion to interview jurors where the following had occurred:

> According to the allegations of the [defendant's] motion, after the jury retired to deliberate, the alternate juror spoke to defense counsel as he was walking to the elevator. The alternate juror, who had been released, explained that several jurors felt "extremely" strongly that the defendant was guilty.

One juror said [to] the alternate juror, "[W]hat was the defendant doing walking with a gun at one o'clock in the morning?" The alternate juror mentioned that other jurors felt there was no physical evidence to convict and that several jurors had strong personalities.

. . . .

The defendant's allegations suggested that *multiple* jurors were improperly discussing the case during trial and were expressing opinions as to the defendant's guilt before the close of the evidence. This was not merely an allegation of a *lone* juror attempting to discuss the case prematurely, as occurred in Reaves [v. State, 826 So. 2d 932, 943 (Fla. 2002)]. Rather, the facts alleged in the defendant's motion, if true, would constitute an agreement among multiple jurors to disregard their oaths and deliberate prematurely.

Id. at 337-38.

Similarly, in Ramirez v. State, the First District held that the trial court abused its discretion in denying a motion to interview jurors where the alternate juror told a bailiff "words to the effect that the jury was split as to the defendant's guilt until after they heard his testimony." 922 So. 2d 386, 387-88 (Fla. 1st DCA 2006).

Additionally, in Williams v. State, 793 So. 2d 1104 (Fla. 1st DCA 2001), the First District held that the defendant had set forth a prima facie case entitling him to interview the jurors based upon the following facts:

[On] day 2 of the trial of Eduardo Williams there were two jurors freely talking about the case. They had already found him guilty of the offense. They said it was a waste of time and money. And it was an act. They did not follow the judge's directions.

. . . .

[Two women jurors] discussed the case after being sworn by the judge. When Mr. Williams was first seen by the jury he was unshaven and rough looking. After he was shaven, the two women [jurors] said he, Mr. Williams, is just trying to look innocent.

. . . .

4

> The two women did not want to be on the jury and stated that the trial was a waste of time and money. This was said before the state ever finished putting on their case. The atmosphere of the jury was that Mr. Williams was guilty before the defense ever put on their case.

Id. at 1105-06.

Here, the alternate juror allegedly stated to Ms. Horn that he was "not going to tell [her] that we didn't talk during lunches and breaks; you know we did", and "that [the defendant was] going to have a hard time convincing a couple of the jurors that she's not guilty." These facts demonstrate that, as in Gray, Ramirez, and Williams, at least two jurors allegedly talked about the defendant's case before the case was submitted to the jury, in violation of the trial court's instruction, and at least two jurors were allegedly disposed to find the defendant guilty, even before the jury deliberated. Accordingly, the trial court abused its discretion in denying the defendant's motion to interview the alternate juror; therefore, we reverse that ruling and remand for reconsideration of the defendant's motion.

AFFIRMED in part; REVERSED in part; and REMANDED.

LAWSON, C.J. and BERGER, JJ., concur.

5