DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PABLO IBAR,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1956

[April 19, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. 94-13062CF10B.

Joseph Nascimento of Ross Amsel Raben Nascimento, PLLC, Miami, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

In this appeal, the defendant seeks to overturn convictions and sentences on three first-degree murder charges, one armed burglary charge, one armed robbery charge, and one attempted robbery with a deadly weapon charge. He raises twelve issues, none of which merit a reversal. We affirm and write only to address the juror interview issue.

Three days after his conviction, a juror called the judge's chambers to express his regret over the verdict but did not indicate any wrongdoing. The defendant moved to interview the juror. The trial court denied the motion, indicating a juror's subjective expression of regret was insufficient to invade the jury's deliberations. The trial court further explained its authority to interview jurors was limited to alleged violations of the court's instruction forbidding jurors from publicly discussing their jury service.

Shortly thereafter, the State brought to the trial court's attention that a juror, suspected to be the same juror who contacted the judge's chambers, had posted comments on Reddit expressing his regret and seeking advice. This time, the State requested to interview the juror. The

defense objected. Over that objection, the trial court interviewed the juror, who admitted posting the comments. The juror also agreed to remove the posts and shut down the accounts associated with the posts at the trial court's request.

At this point in the proceedings, the sentencing phase was pending. The State asked the trial court to strike the juror. The defense objected and argued the juror's conduct was not substantially prejudicial, and did not require a mistrial, a new trial, or striking the juror. The trial court struck the juror for violating the trial court's instruction not to discuss the trial and replaced him with an alternate.

On appeal, the defense argues the trial court erred when it disallowed its initial request to interview the juror. The State responds the juror simply expressed remorse without indicating any wrongdoing or outside influence on the jury's deliberations. Florida law did not support an interview of the juror.

"[J]uror interviews are not permissible unless the moving party has made sworn allegations that, if true, would require the court to order a new trial because the alleged error was so fundamental and prejudicial as to vitiate the entire proceedings." *Johnson v. State,* 804 So. 2d 1218, 1225 (Fla. 2001). Florida Law "absolutely forbids any judicial inquiry into emotions, mental processes, or mistaken beliefs of jurors." *Baptist Hosp. of Miami, Inc. v. Maler,* 579 So. 2d 97, 99 (Fla. 1991).

> [T]he law does not permit a juror to avoid his verdict for any reason which essentially inheres in the verdict itself, as that he did not assent to the verdict; that he misunderstood the instructions of the Court; the statements of a witness or the pleadings in the case; that he was unduly influenced by the statements or otherwise of his fellow jurors, or mistaken in his calculations or judgment, or other matter resting alone in the juror's breast.

*Id.*

We have limited juror inquiries to situations involving "an overt prejudicial actor or external influence, such as a juror receiving prejudicial non-record evidence or an actual, express agreement between two or more jurors to disregard their juror oaths and instructions." *Gray v. State,* 72 So. 3d 336, 337 (Fla. 4th DCA 2011).

2

Here, the defendant claims the trial court erred in denying his motion to interview the juror, but the cases he relies upon do not support his position. *See, e.g., Webb v. State*, 519 So. 2d 748, 749 (Fla. 4th DCA 1988) (finding verdict was coerced where the trial court told the jury its verdict must be unanimous and rendered the same day); *Nelson v. State*, 438 So. 2d 1060, 1061–63 (Fla. 4th DCA 1983) (reversing because the court read a coercive jury instruction).

This record reveals the juror simply regretted his verdict. The mere remorse of a juror is insufficient to warrant an intrusion into the jury's deliberations. There simply was no evidence to suggest the juror was influenced by any external factors nor that he acquiesced to an agreement among jurors to disregard their oaths and instructions. There were no alleged overt prejudicial acts or external influence. Because the defendant's allegations inhered in the verdict, Florida law prohibits a trial court from interviewing the juror. *Gray*, 72 So. 3d at 337; *Baptist*, 579 So. 2d at 99. There was no error.[1]

*Affirmed.*

CIKLIN and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] The interesting twist in this case is the juror was ultimately excused at the State's request and over the defense's objection when the juror posted comments on Reddit. At that point, the defense wanted the remorseful juror to remain on the jury for the penalty phase of this death penalty case.